CLARA A. LOCKLIN *vs.* O. O. DAVIS.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, THOMPSON and
WATSON, JJ.

Opinion filed May 3, 1899.

*Estoppel.*—If one by words, conduct, or culpable silence, although without
intent to defraud, leads another, who acts prudently, to believe that a
certain state of things exists, and who acts upon such belief accordingly,
he is estopped to deny the existence of such a state of things, if the other
party would be prejudiced thereby.

*Estoppel—Married Woman.*—The doctrine of estoppel applies to the
plaintiff, though a married woman, for she was *sui juris* by statute in
respect of the matters involved.

TRESPASS AND TROVER. Pleas, the general issue and
justification as an officer under regular process. Upon
referee's report, at the September term, 1898, Washington
county, *Start*, J., presiding, a *pro-forma* judgment was
rendered for the plaintiff. The defendant excepted.

This is an action to recover damages of the defendant
who as a deputy sheriff attached the property in dispute on
a writ in which the plaintiff's husband was defendant.
Upon trial no question was made as to the regularity of
process or authority of the defendant as officer. The
question litigated was the right of the defendant to hold the
goods in question on an attachment against the plaintiff's
husband, the plaintiff claiming to own them.

*Frank Plumley* for the defendant.

*John G. Wing* for the plaintiff.

ROWELL J. If one by words, conduct, or culpable silence,
although without intent to defraud, leads another, who
acts prudently, to believe that a certain state of things
exists, and who acts upon such belief accordingly, he is

estopped to deny the existence of such a state of things, if the other party would be prejudiced thereby; for such denial would be a breach of good faith, and therefore fraudulent. *Strong* v. *Ellsworth*, 26 Vt. 366; *Cady* v. *Owen*, 34 Vt. 598, 603; *Leather Manufacturers' Bank* v. *Morgan*, 117 U. S. 96, 108; *Continental Bank* v. *Bank of the Commonwealth*, 50 N. Y. 575, 583.

In the case at bar the plaintiff's husband entered into the management of the business of the store with the intention of gaining a livelihood therefrom for himself and wife. He acted in all respects as the owner and proprietor, buying, selling, and managing the business in his own name, with the knowledge and consent of the plaintiff. There was nothing to indicate to those dealing with him that he was not what he appeared to be—the owner and proprietor, and those who sold him goods regarded him as such and treated him accordingly. The plaintiff read all the correspondence connected with the business, and had full knowledge of the way he was conducting it, and knew that the creditors looked upon him as the proprietor, and were extending credit to him as such; but she did nothing to inform them of her claimed ownership nor that they were mistaken as to the person who was conducting the business. She knew that her husband bought in his own name the goods of Smith, plaintiff in the writ on which the attachment was made, and that Smith's salesman understood that her husband owned the business, and gave him credit on the faith of that understanding. She knew that the funds derived from the sales were used by her husband for business purposes and family expenses; and although she knew that Smith was extending credit to her husband on the belief that he was the proprietor, she neither said nor did anything to indicate to him nor to his salesman that she owned the business or had any interest therein.

In these circumstances her silence was culpable, as it was well calculated to mislead, and did mislead, both Smith and

his salesman to believe that her husband was the owner of the goods and to give him credit on the strength of such belief. They cannot be said to have been negligent in the matter, and she must be taken to have intended the natural consequence of her silence. Therefore she is estopped from claiming the goods as her own, for that would be a breach of good faith on her part and therefore fraudulent. *Flint* v. *Babbitt*, 59 Vt. 190. *Sanborn & Catlin* v. *Chittenden*, 27 Vt. 171, 176.

There is no doubt that the doctrine of estoppel applies to the plaintiff, though a married woman, for she was *sui juris* by statute in respect of the goods at the time in question.

*Judgment reversed, and judgment for the defendant to recover his costs.*