[L. A. No. 750.   Department One. — March 22, 1901.]

## W. O. HARRIS, Respondent, v. A. F. SMITH et al., Appellants.

CLAIM AND DELIVERY — PLEADING — CAUSE OF ACTION — DEPRIVING PLAINTIFF OF POSSESSION. — A complaint in an action of claim and delivery, alleging that on a day named before the filing of the complaint, the plaintiff was the owner and entitled to the possession of the property, and was then in possession thereof, and that the defendant then, without plaintiff's consent, and against his will, wrongfully, unlawfully, and by force came into possession thereof, states, in effect, that it was thus taken from his possession, and states a cause of action arising on the day named, which continues until affirmatively shown to be extinguished.

ID. — JOINDER OF CAUSES — DEMURRER — OBJECTION MADE IMMATERIAL — DAMAGES NOT GIVEN. — An objection by demurrer, that the plaintiff improperly joined a cause of action for possession of the property or its value, and for damages for ruining his business, becomes immaterial, where no judgment was given for such damages.

ID. — FINDINGS — SALE AND DELIVERY OF STOCK OF MERCHANDISE — GOOD FAITH — ATTACHMENT — SPECIFICATIONS NOT INCONSISTENT. — Where the findings show that a debtor sold and delivered a stock of merchandise to the plaintiff in consideration of indebtedness exceeding its value, and that the sale was in good faith, and without

intent to hinder, delay, or defraud creditors, and that plaintiff was in possession of the merchandise, when an attachment against the debtor was afterwards levied upon it in plaintiff's hands, specifications of insufficiency of the evidence, to the effect that the debtor's leasehold interest of the premises was not assigned to the plaintiff, and that the debtor retained a key of the store, and that the goods were not removed therefrom, are not inconsistent with the findings.

ID. — DAMAGES IN CLAIM AND DELIVERY — CONSTRUCTION OF CODE — ATTORNEY'S FEES. — In an action of claim and delivery, damages may be recovered for the detention of the property, if asked for; but section 3336 of the Civil Code, relative to the recovery, in an action for conversion, of money expended in pursuit of the property, has no application. No allowance can be made for attorney's fees incurred in the action of claim and delivery.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Sam Ferry Smith, for Appellants.

L. E. Dadmun, M. R. Thorp, and Eugene Daney, for Respondent.

THE COURT. — The plaintiff had judgment in the court below for the recovery of the possession of the personal property described in the complaint, or for the sum of $350, the value thereof, and $100 as damages and costs. The defendants appeal from the judgment and from an order denying a new trial. The grounds urged for reversal are, insufficiency of the complaint; misjoinder of causes of action; insufficiency of evidence ·to justify the findings; and the allowance of attorney's fees as damages.

1. The complaint, it is contended, fails to allege ownership or right of possession at the time of the commencement of the action, and hence, under the decisions in this state, is insufficient. (*Affierbach* v. *McGovern*, 79 Cal. 268; *Fredericks* v. *Tracy*, 98 Cal. 658; *Holly* v. *Heiskell*, 112 Cal. 174; *Truman* v. *Young*, 121 Cal. 490.) In the cases cited, the only allegations of the complaint were, in each case, that at a day named prior to the filing of the complaint, the plaintiff was the owner and entitled to the possession of the property sued for, and that the defendant now wrongfully detains the same, etc. In this case the complaint alleged not only that on the day

named the plaintiff was the owner and entitled to the possession of the property, but also that he was in possession of it, and that the defendants, on that day, without the plaintiff's consent, and against his will, wrongfully and unlawfully and by force came into possession of said personal property, and, in effect, that it was thus taken from his possession. The difference is, that, in the cases cited, no cause of action is alleged as existing either at the time of the commencement of the suit or at any other time. But in the case at bar a complete cause of action is alleged as arising on the day named; and it may be contended that the obligation of restoration having been created by the wrongful act of the defendant, it continues — with the action founded on it.— until it is affirmatively shown to have been extinguished.

2. The objection by the demurrer, that several causes of action are improperly united in the complaint, has become immaterial by reason of the judgment being limited to the recovery of the possession of the property or its value. No judgment was given upon the plaintiff's claim for damages for ruining his business.

3. The plaintiff deraigned title to the goods in controversy under a sale of date October 11, 1898, from one Bowdish, who was then admittedly the owner of the property, and against whom an attachment had been issued. The sale was made between twelve and one o'clock, and was in consideration of an indebtedness to the plaintiff of $450, which was more than the value of the property. It is found that possession was immediately delivered to Harris, who remained "in the sole and exclusive possession thereof continuously thereafter," and that the sale was made in good faith, and not with the intent to hinder, delay, or defraud creditors. The attachment was levied and the property taken from his possession after the hour of five P. M. of the same day. The specifications of insufficiency of the evidence are, in effect, that the leasehold of the premises was not assigned, that Bowdish retained the key, or a key, of the store, and that the goods were not removed. But there is nothing in the facts specified inconsistent with the findings.

4. The court rendered judgment in favor of the plaintiff, for the possession of the property described in the complaint, or the value thereof in case delivery cannot be had, "together with one hundred dollars as damages." This portion of the

judgment rests upon the finding of fact that the plaintiff had expended the sum of three hundred dollars as attorney's fees in pursuit of said personal property, but that any part of said amount over one hundred dollars could not be recovered.

The action is not for the conversion of personal property, and the provisions of section 3336 of the Civil Code do not apply. The action is brought for a recovery of the possession of the property described in the complaint, or for the value thereof in case delivery cannot be had. In such an action, if the plaintiff recovers judgment, section 667 of the Code of Civil Procedure authorizes the court to give judgment for "damages for the detention." No damages are claimed herein for the detention of the property, and there is no authority in the statute by which the plaintiff may recover attorney's fees incurred in the action. (*Kelly* v. *McKibben*, 54 Cal. 192; *Redington* v. *Nunan*, 60 Cal. 632.) In *Arzaga* v. *Villalba*, 85 Cal. 191, the question of the right to attorney's fees was not presented. The decision in that case was given under section 3294 of the Civil Code, and upon the ground that there had been shown such oppression on the part of the defendant as to justify an award of exemplary damages.

The superior court is directed to modify the judgment appealed from by striking out that portion thereof which adjudges that the plaintiff recover "one hundred dollars as damages," and as thus modified the judgment shall stand affirmed.