[Sac. No. 1981.   Department One—June 5, 1913.]

## L. J. S. BALLOU, Respondent, v. SUNFLOWER GOLD MINING COMPANY (a Corporation), and H. H. LOOK, Appellants.

PLEADING—COMPLAINT FOR SERVICES—ALLEGATIONS OF EXPRESS CONTRACT AND QUANTUM MERUIT—FINDINGS—JUDGMENT.—Where the complaint in an action to recover for services rendered was so drawn as to make it sufficient to support a judgment either upon the theory that the amount of the compensation was fixed by agreement, or upon the theory that it was not so fixed, and that the plaintiff was seeking the reasonable value of his services, and no objection to its form was raised in the trial court, findings determining the reasonable value of the services, but ignoring the issue as to the agreed compensation, are sufficient to support a judgment for the plaintiff for the amount found to be reasonable.

ID.—FINDINGS CONSTRUED TO SUPPORT JUDGMENT.—Findings must be given such a construction as will support the judgment, if this may reasonably be done, rather than one that will not support it.

ID.—SUSTAINING DEMURRER TO ANSWER—FINDINGS NOT ESSENTIAL ON ELIMINATED ISSUES—APPEAL.—Where a demurrer is sustained to a defense interposed by answer, the issues of fact thus made are eliminated, and no findings thereon are essential. The ruling of the court sustaining the demurrer may be reviewed on appeal from the judgment.

APPEAL from a judgment of the Superior Court of Nevada County and from an order refusing a new trial. George L. Jones, Judge.

The facts are stated in the opinion of the court.

W. F. Renfro, and B. F. Howard, for Appellants.

Lloyd P. La Rue, for Respondent.

THE COURT.—This is an appeal by defendants from a judgment in favor of plaintiff for the sum of $1,825, and from an order denying their motion for a new trial.

The prayer of plaintiff's complaint was for the enforcement of an alleged miner's lien on certain property alleged to belong to the defendants, and for a personal judgment against

defendants for any deficiency remaining due on plaintiff's claim after sale of property. The claim was for $14,545, being for 2909 days' labor at five dollars per day, performed between November 30, 1901, and October 23, 1909. The statute of limitations was not interposed as a defense. The trial court concluded that plaintiff was not entitled to a lien. It found that between November 30, 1901, and October 23, 1909, plaintiff worked for defendants for 365 days and no more, and gave him a personal judgment against defendants for $1,825, being at the rate of five dollars per day.

1. In his complaint plaintiff alleged the terms of his employment, including an express promise on the part of defendants to pay him five dollars per day for his services, together with his board and lodging. It was further alleged that it was agreed that he should wait a reasonable time for his money, and that the same should become due when his services should finally terminate. It was further alleged: "The amount due and for which defendants are indebted to plaintiff is $14,545, for 2909 days' labor performed at said rate. The defendants had the use and benefit of such labor which was reasonably worth said sum."

All of these allegations were specifically denied in the answer of the defendants.

The trial court found upon these matters that on or about November 30, 1901, "defendants employed plaintiff as superintendent and as a miner to perform services on the property of the defendants and defendants promised to pay said plaintiff for his labor"; that plaintiff worked between November 30, 1901, and October 22, 1909, 365 days and no more; that "his services were reasonably worth the sum of five (5) dollars per day," no part of which had been paid; and that "the defendants had the use and benefit of such work." There was no finding upon the issues as to what the agreement was in regard to the amount and method of compensation, if any such agreement was made.

It appears from the foregoing statement that the finding of the reasonable value of plaintiff's services was not without the issues, as is claimed by defendants. It was a matter alleged in the complaint and denied in the answer. And plaintiff testified that: "$5.00 per day, during said time between said dates, was the reasonable value of his said services performed

by him for the defendants." So the finding has sufficient support in the evidence.

It is claimed, however, that the absence of a finding on the issue as to the compensation agreed upon necessitates a reversal. We are of the opinion that this claim cannot be held to be good.

The findings must be given such a construction as will support the judgment, if this may reasonably be done, rather than one that will not support it. It is needless to say that the findings made are fairly susceptible of the construction that while defendants employed plaintiff to work and expressly promised to pay him therefor, there was no agreement as to the amount or nature of his compensation. Under such circumstances he would be entitled to the reasonable value of his services. The complaint was so drawn that it is sufficient to support a judgment either upon the theory that the compensation was fixed by agreement or upon the theory that it was not so fixed, and that plaintiff was therefore seeking the reasonable value of his services, and no objection upon this score was made to it in the trial court.

2. An examination of the record has satisfied us that it cannot fairly be held that there was not sufficient evidence to legally support the conclusion of the trial court on the matters that we have referred to.

3. No finding was made as to certain matters set up in the answer by and on behalf of defendant Look alone as a separate defense. It appears, however, that plaintiff interposed a demurrer to this defense, the ground thereof being that the same does not state facts sufficient to constitute a defense, and that this demurrer was sustained by the trial court. The issues of fact thus made by the answer were eliminated by the sustaining of the demurrer, and no finding was essential thereon. But the ruling of the court sustaining the demurrer may be reviewed on this appeal, and defendants claim that such ruling was erroneous. It is very clear to us that the matters thus set up did not constitute a defense to the cause of action stated in the complaint, and that it cannot be held that the court erred in sustaining the demurrer interposed thereto.

There is no other point made for reversal.

The judgment and order denying a new trial are affirmed.