[S. F. No. 7917. Department Two.—March 2, 1918.]

SIBYL M. LEE (a Minor, by Guardian ad Litem), Plaintiff and Respondent, v. HIBERNIA SAVINGS AND LOAN SOCIETY (a Corporation), et al., Defendants and Respondents; R. McCOLGAN et al., Defendants and Appellants.

MINOR—MORTGAGE AND DEED OF TRUST OF VOID—DISAFFIRMANCE AND RESTORATION UNNECESSARY.—A mortgage or a deed of trust executed by a minor under eighteen years of age is absolutely void, and no legal duty of disaffirmance or of restoration of the consideration received devolves upon the minor as a condition of disaffirmance.

ID.—RATIFICATION UNDER AGE INEFFECTUAL.—An instrument executed by a minor before attaining the age of eighteen purporting to confirm and ratify a previous deed of trust executed by her is ineffectual for the purpose of validating the original deed.

ID.—FINDINGS—RULE OF CONSTRUCTION.—Findings should be construed most strongly in support of the judgment.

ID.—FINDING CONSTRUED AS CONCLUSION OF LAW.—A finding that, by reason of certain probative facts previously found, the plaintiff "is and ought to be estopped and prevented from asserting or proving, and ought not to be and will not be permitted to prove that she was on the fourteenth day of January, 1914, or at any time after the thirty-first day of January, 1913, or that she is, or at the commencement of the action was, under the age of eighteen years," is not one of fact, but a conclusion of law from the facts found.

ID.—ULTIMATE FACT FOUND FROM PROBATIVE FACTS.—An ultimate fact, drawn as a conclusion from probative facts previously found, cannot stand if the specific facts upon which it is based do not support it.

ID.—ESTOPPEL.—To establish an estoppel, in such a case, there must be some act of the minor performed, after reaching an age where she has capacity to act, equivalent to the execution of a new contract, or operating as an estoppel.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Cullinan & Hickey, for Appellants.

Frank W. Sawyer, Sydney Schlesinger, and Tobin & Tobin, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—While in form this action is one to quiet title, its real purpose was to have declared void two instruments in so far as they affected the lot described in the complaint and owned by plaintiff. One of these instruments is a mortgage executed by plaintiff, together with her mother and brother, on August 1, 1913, to the Hibernia Savings and Loan Society, upon property which included that herein involved. The other is a deed of trust executed by the same parties on August 6, 1913, whereby the same property was conveyed to R. McColgan and F. W. Morrison, trustees, to secure a loan of money made by Daniel A. McColgan.

The ground upon which plaintiff sought relief was that at the time of the execution of these two instruments she was a minor under the age of eighteen years. The court made findings and conclusions of law, followed by a judgment for plaintiff quieting her title as against the Hibernia Savings and Loan Society, and in favor of defendants Morrison and the McColgans, whose interest in the property was founded upon the deed of trust. Thereafter, the court made an order granting plaintiff's motion made under section 663 of the Code of Civil Procedure, to vacate and set aside the judgment in favor of said last-named defendants upon the ground that the conclusions of law were inconsistent with the facts found. The conclusions of law were thereupon amended and a new judgment conformable thereto entered in favor of plaintiff, the effect of which was to declare the deed of trust, as well as the mortgage, void.

The appeal is from this judgment and prosecuted by Morrison and the McColgans, whose chief contention is that the findings do not support the amended conclusions of law and judgment.

The findings, other than as to facts hereinbefore stated, which are material to the controversy, are as follows: "That the plaintiff, Sibyl M. Lee, became eighteen years of age on the thirty-first day of December, 1914"; that at the time when plaintiff executed the deed of trust on August 6, 1913, given in consideration of the loan so made, she did not inform Daniel A. McColgan that she was under eighteen years of age; that about November or December, 1913, defendant learned that plaintiff was under eighteen years of age when she executed the deed of trust, and upon his threatening to have the trust executed on account of default in paying said note, she represented that she would be eighteen years of age on December 31, 1913, and promised if he would forego sale of the property on account of such default and advance to her and her mother an additional five hundred dollars under the security of the trust deed she would, after December 31, 1913, ratify and confirm the same; that such sum was advanced prior to January 14, 1914, on which date plaintiff and her mother, both knowing the same to be false, made affidavit that Sibyl became eighteen years of age on December 31, 1913, and on the same day (January 14th) ratified and confirmed the trust deed by executing an instrument fully set out in the findings, wherein she stated, "I also ratify and confirm that certain deed of trust, dated August 6, 1913, made and executed . . . by myself in favor of Daniel A. McColgan"; that plaintiff prior to commencement of the action never disaffirmed her said acts in executing said deed of trust; that but for the security of said deed of trust defendant will be unable to enforce payment of the loan so made to plaintiff; that defendant was deceived by said affidavits as to plaintiff's age, who, on August 6, 1913, had the physical appearance and mentality of an adult woman.

Section 33 of the Civil Code provides that "a minor cannot give a delegation of power, nor, under the age of eighteen, make a contract relating to real property, or any interest therein"; and section 35 of the Civil Code provides that contracts, other than those specified in sections 36 and 37 of the Civil Code (of which this is not one), so made by minors

under eighteen may be disaffirmed by the minor himself either before his majority or within a reasonable time afterward, but as to contracts of the character here involved made by minors over eighteen years of age, the consideration must, as a condition of such disaffirmance, be restored to the party from whom it was received. Under these provisions and as declared in *Hakes Investment Co.* v. *Lyons,* 166 Cal. 557, [137 Pac. 911], the deed of trust so executed by plaintiff on August 6, 1913, was, notwithstanding her mature appearance as found by the court, absolutely void, and no legal duty devolved upon her, as a condition of disaffirming the deed, to restore to defendants the consideration received therefor from them. (*Lackman* v. *Wood,* 25 Cal. 147–153.) This being true, it is equally clear that since she was not eighteen until December 31, 1914, her act on January 14, 1914, in executing the instrument purporting to confirm and ratify such deed of trust was likewise ineffectual for the purpose of validating the deed.

Appellants insist, however, that the findings of fact as to them show that she is estopped from asserting that she was under eighteen years of age at the times in question. In support of this contention they rely upon the fact that following the findings hereinbefore referred to the court found as follows: "That by reason of the facts herein set forth and found, the said Sibyl M. Lee is and ought to be estopped and prevented from asserting or proving, and ought not to be permitted and ought not to be and will not be permitted to assert or prove that she was on the fourteenth day of January, 1914, or at any time after the thirty-first day of December, 1913, or that she is, or at the commencement of this action was, under the age of eighteen years."

The rule is that findings should be construed most strongly in support of the judgment. (*Cooley* v. *Brunswig Drug Co.,* 30 Cal. App. 58, [157 Pac. 13]; *Ballou* v. *Sunflower Gold Min. Co.,* 165 Cal. 557, [132 Pac. 1036].) The finding above quoted and upon which appellants rely is not one of fact but a conclusion of law which the trial court, as stated, found from "the facts herein set forth and found." (*Fritz* v. *Mills,* 12 Cal. App. 113, [106 Pac. 725].) Even an ultimate finding of fact which is drawn as a conclusion from the probative facts previously found cannot stand if the specific facts upon which it is based do not support it. (*Matter of Forrester,*

162 Cal. 493, [123 Pac. 283]; *McKay* v. *Gesford,* 163 Cal. 243, [Ann. Cas. 1913E, 1253, 41 L. R. A. (N. S.) 303, 124 Pac. 1016].) The court specifically found that plaintiff, at the time when she executed the instruments, was under eighteen years of age; hence she was incapable of making the deed. While it is true, as stated by appellants, that this court in *Hakes Investment Co.* v. *Lyons, supra,* in discussing an alleged estoppel in a like case, said: ''There must be some act which is the equivalent of the execution of a new contract, or something which operates as an estoppel,'' nevertheless, such acts to operate as an estoppel must be performed *after* the minor reaches an age where she has capacity to act. To hold otherwise and say that notwithstanding the express statutory declarations a minor under eighteen years of age is, because of her mature appearance and false representations as to her age, estopped from disaffirming a conveyance of real estate without restoring the consideration received therefor, would nullify and destroy the plain provisions of sections 33 and 35 of the Civil Code.

The judgment and order are affirmed.

Melvin, J., and Wilbur, J., concurred.

Hearing in Bank denied.