[Civ. No. 4022. Second Appellate District, Division One.—May 15, 1924.]

## NELLIE SIDNEY, Respondent, v. R. B. WILSON et al., Appellants.

[1] FINDINGS—JUDGMENT—CONSTRUCTION.—Where possible the findings of the trial court should receive a construction which will support the judgment rather than defeat it.

[2] CLAIM AND DELIVERY—POSSESSION.—Mere possession of the subject matter of a claim and delivery action will not suffice. In order that an action of such character may be sustained, it is necessary not only that plaintiff show possession of the property, but, as well, that he is entitled to such possession.

[3] ID.—EQUITABLE OWNERSHIP—PHYSICAL POSSESSION OF AUTOMOBILE—RIGHT TO POSSESSION—PARTIES.—Facts showing that plaintiff was the equitable owner of an automobile, which was the subject of a claim and delivery action, coupled with her physical possession thereof at the time it was taken from her custody by the sheriff, are a sufficient compliance with the rule requiring not merely possession, but a right to possession, in order that the action in claim and delivery may be maintained.

[4] ID.—FINDINGS—ISSUES—RIGHT OF POSSESSION.—Findings must cover the material issues; and the right of possession of plaintiff in an automobile at the time of the commencement of the claim and delivery action for its recovery is a material issue upon which there should be a finding by the trial court.

[5] ID.—FINDINGS—RIGHT TO POSSESSION—JUDGMENT.—In a claim and delivery action of an automobile, the findings having shown plaintiff's right to the possession of said automobile on a named day, which was before the action was commenced, and that said

---

1. See 5 Cal. Jur. 198; 14 Cal. Jur. 979.

2. Title necessary to support replevin, notes, 80 Am. St. Rep. 741; 1 Ann. Cas. 984. See, also, 5 Cal. Jur. 160; 23 R. C. L. 864.

4. See 5 Cal. Jur. 198; 23 R. C. L. 934.

automobile was taken out of her custody on said named day by the sheriff, and that such taking of the said automobile from the custody of plaintiff was wrongful and without right, it would appear that the findings with respect to plaintiff's right of possession of the automobile at the time of the commencement of the action support the judgment in her favor.

[6] EQUITY—INNOCENT PERSONS—NEGLIGENCE.—If one of two innocent persons must necessarily be damaged because of the act of some third person, if it also appear that one of such innocent persons was blamable in that he placed the power in the hands of the third person to commit the wrong through which such injury was suffered, such innocent person must bear the loss.

[7] CLAIM AND DELIVERY — OWNERSHIP OF AUTOMOBILE BY WIFE — REGISTRATION IN HUSBAND'S NAME—KNOWLEDGE—EXTENSION OF CREDIT TO HUSBAND—ESTOPPEL.—Where a wife knowingly permits her husband to register her automobile in his name without protest, and she at no time makes any effort to secure the registration thereof in her own name, the husband apparently having the use and control of the automobile, the wife is estopped in a claim and delivery action from claiming the automobile as against one who extended credit to the husband in reliance upon the appearance of ownership of said automobile in the husband and without any information or knowledge that the wife claimed to have or had any interest whatsoever in said automobile.

(1) 4 C. J., p. 787, sec. 2740.   (2) 34 Cyc., pp. 1386, 1501. (3) 34 Cyc., pp. 1389, 1390.   (4) 34 Cyc., pp. 1523, 1526.   (5) 34 Cyc., pp. 1526, 1540.   (6) 21 C. J., p. 1170, sec. 176.   (7) 21 C. J., p. 1172, sec. 177; 30 C. J., p. 830, sec. 486.

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Warmer, Judge. Reversed.

The facts are stated in the opinion of the court.

Swing & Wilson for Appellants.

John A. Hadaller and Byron Waters for Respondent.

HOUSER, J.—Claim and delivery. Briefly stated, the facts are that plaintiff had entrusted the sum of six hundred dollars of her separate property to her husband, E. J. Sidney, for the purpose of having him purchase for plaintiff an automobile, with the understanding between

6.  See 10 Cal. Jur. 506; 10 R. C. L. 377.

them that the automobile was to remain at all times the separate property of plaintiff, and that, in the event of a sale of the automobile the money received therefrom was to be paid to plaintiff as her separate property. The husband bought the automobile, paid the wife's money for it, and attended to the registration of the same under the Motor Vehicle Act of the state of California; but in so doing, without the wife's knowledge or consent at that time, the husband registered the automobile in his own name and wrote his own name on the registration card as the owner thereof. The automobile was kept in a garage at the home occupied by plaintiff and her husband. Some time after the purchase of the automobile, plaintiff's said husband purchased a diamond from the defendant Wilson, for which part cash was paid and credit was given for the balance of the purchase price. In extending credit to the said husband of plaintiff, defendant Wilson relied not only upon statements and representations made to him by the said husband of plaintiff to the effect that he was the owner of the automobile in question and that he had the sum of fifteen hundred dollars on deposit in the First National Bank of San Bernardino, but as well upon recommendations of the said husband of plaintiff made by other persons. Shortly after the diamond had been purchased, plaintiff's husband absconded and defendant Wilson brought an action against him to recover the balance due on the diamond, in which action he caused defendant Shay, as sheriff, to attach the said automobile. Thereafter plaintiff brought this action in claim and delivery to recover possession of the automobile. She recovered judgment, and defendants appeal therefrom on the ground that the findings are insufficient to sustain the judgment.

Appellants specifically contend that there is no finding by the court with respect to the ultimate fact either of ownership or of right of possession by the plaintiff at the time the action was commenced; and it is admitted by respondent that in the absence of either of such findings, in substance or in effect, whether directly stated or to be inferred from the express findings of the court, a reversal of the judgment must follow. In connection with the fact of plaintiff's ownership, or her right to possession, of the automobile at the time the action was commenced, the findings contain the following: "That the said sum of Six

Hundred Dollars was the separate property of the plaintiff which she herself had earned in the State of California through her labor during a period of desertion by her said husband, . . . ; that prior to the purchase of the said automobile by plaintiff, it was agreed by and between the plaintiff and her husband that plaintiff's separate funds be invested in the said automobile, that the automobile at all times remain her separate property and that in the event of a sale of the said automobile by the said husband or either of them, the entire sum so received from the sale should be paid to the plaintiff as her separate property; . . . . that the said automobile was taken out of her (plaintiff's) custody on the 30th day of November, 1921, plaintiff's husband having deserted plaintiff on or about October 28th, 1921, and absconded from the State of California, by defendant W. A. Shay, as sheriff, who acted at the instance and request of defendant R. B. Wilson, and that such taking . . . was wrongful and without right.''

It will thus be seen that there is no direct finding, either of ownership or of right of possession in plaintiff at the time the action was commenced—the only finding in regard to ownership being that the automobile was purchased on September 19, 1921, and that it remained in the custody of plaintiff until November 30, 1921, when it was taken from plaintiff by the sheriff under the writ of attachment. It sufficiently appears that plaintiff was in the actual physical possession of the automobile at the time it was so taken.

[1] It is the rule that where possible the findings of the court should receive a construction which will support the judgment rather than defeat it. It is said in the case of *Breeze* v. *Brooks*, 97 Cal. 77 [22 L. R. A. 257, 31 Pac. 742], that: ''The findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon, and whenever, from the facts found by it, other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court, and upon an appeal from that judgment, this court will not draw from those facts any inference of fact contrary to that which may have been drawn by the trial court for the purpose of rendering such judgment.'' And see, also, *Hihn* v. *Peck*, 30 Cal. 286; *McCarthy* v. *Brown*, 113 Cal. 17 [45 Pac. 14]; *Beggs* v. *Smith*, 26 Cal. App. 532 [147 Pac. 585]; *Paine* v. *San*

*Bernardino etc. Co.,* 143 Cal. 654 [77 Pac. 659]; *Pacific States Corporation* v. *Arnold,* 23 Cal. App. 672 [139 Pac. 239]; *Ballou* v. *Sunflower Gold Min. Co.,* 165 Cal. 557 [132 Pac. 1036]. But notwithstanding the fact that actual physical possession is thus satisfactorily shown to have been in plaintiff at the time the auto was taken from her custody by the sheriff and notwithstanding plaintiff's equitable ownership thereof, it is contended by appellants that, in addition thereto, plaintiff must show that she had the legal right to possession.

Section 8 of the Motor Vehicle Act (Stats. 1917, p. 391, as amended, Stats. 1919, p. 199) sets forth the necessary procedure on a transfer of title of an automobile, and, among other things, provides that "until said transferee has received said certificate of registration and has written his name upon the face thereof in the blank space provided for said purpose by the department, delivery of said motor vehicle shall be deemed not to have been made and title thereto shall be deemed not to have passed and said intended transfer shall be deemed to be incomplete and not to be valid or effective for any purpose." Because the record herein does not show that plaintiff was the registered owner of said automobile at the time the action was commenced, it is urged by appellants that under the provisions of said Motor Vehicle Act, as just quoted, plaintiff had not the right to possession of the automobile, and hence was not entitled to maintain an action in claim and delivery. **[2]** As set forth in the case of *Beggs* v. *Smith,* 26 Cal. App. 532 [147 Pac. 585], where many authorities are cited, mere possession of the subject matter of a claim and delivery action will not suffice. In order that an action of such character may be sustained, it is necessary not only that plaintiff show possession of the property, but as well, that he is entitled to such possession. **[3]** The facts of the instant case, as disclosed by the transcript, showing that plaintiff was the equitable owner of the car, coupled with her physical possession thereof at the time it was taken from her custody by defendant Shay, as sheriff, are a sufficient compliance with the rule requiring not merely possession, but a right to possession, in order that the action in claim and delivery may be maintained. In the case of *Moody* v. *Goodwin,* 53 Cal. App. 693 [200 Pac. 733], the legal principle is

announced (syllabus) that "a person in the actual and rightful possession of an automobile is entitled to maintain an action in replevin or for conversion thereof, even though upon a transfer to him there was a failure to comply with section 8 of the Motor Vehicle Act (Stats. 1917, p. 391)." To the same effect see *Goodman* v. *Anglo-California Trust Co.*, 62 Cal. App. 702 [217 Pac. 1078]; also, *Boles* v. *Stiles*, 188 Cal. 304 [204 Pac. 848]; *Davis* v. *Cline*, 184 Cal. 548 [195 Pac. 42].

With reference to the requirement of right of possession of the automobile at the time the action in claim and delivery was commenced by plaintiff, the findings show that plaintiff gave six hundred dollars of her separate property to her husband to purchase the automobile for her, as her separate property; that on September 19, 1921, plaintiff's husband did purchase the automobile as requested, but registered it in his own name, of which fact plaintiff at the time was ignorant, and that she "did not know that her rights to the automobile were in any wise affected thereby"; that on October 28, 1921, plaintiff's husband left the home of plaintiff and absconded from the state of California, leaving said automobile on the premises then and theretofore occupied by plaintiff and her said husband; that the automobile was kept at the home of plaintiff and her husband from the time it was purchased on September 19, 1921, until the thirtieth day of November, 1921, when defendant Shay, as sheriff, under a writ of attachment, took the automobile from plaintiff's custody. According to the findings, the thirtieth day of November, 1921, is the last day that plaintiff had possession of the automobile. The action was tried on the allegations contained in an amended complaint and the answer thereto. The transcript of the record does not contain a copy of the original complaint; hence this court is unable to determine the exact date of the commencement of the action. However, the amended complaint contained an allegation "that before the commencement of this action plaintiff, on the fourteenth day of December, 1921, at the place aforesaid, demanded the possession of the said property of the defendants," from which it may be inferred that the action was not commenced before December 14, 1921. Allowing as a correct conclusion that the findings show that plaintiff was entitled to possession

of the automobile on November 30, 1921, still there is no
direct finding that at any time thereafter, and especially
at the time the action was commenced, such was the case.
Between the thirtieth day of November and the fourteenth
day of December is a space of time for which no account-
ing is made. For aught that appears by the findings, both
the ownership and the right to the possession of the auto-
mobile may have been transferred by plaintiff to some
other person during such interval; and, if so, under the
well-settled rule, ordinarily plaintiff could not maintain
the action. In the case of *Flinn* v. *Ferry,* 127 Cal. 648
[60 Pac. 434], it was alleged in the complaint, which was
filed on July 15th, that on the fourteenth day of July
preceding, the plaintiff was in the possession and entitled
to the possession of the property; and it was held that had
not the affirmative allegations of the answer cured the de-
fect in the complaint, no cause of action would have been
stated. To the same effect is *Fredericks* v. *Tracy,* 98 Cal.
658 [33 Pac. 750], where a period of two days existed
between the date when right of possession was alleged in
plaintiff and the date of the commencement of the action.
On the other hand, it is held in the case of *Harris* v.
*Smith,* 132 Cal. 316 [64 Pac. 409], that (syllabus) ''a
complaint in an action of claim and delivery, alleging that
on a day named before the filing of the complaint, the
plaintiff was the owner and entitled to the possession of
the property, and was then in possession thereof, and that
the defendant then, without plaintiff's consent, and against
his will, wrongfully, unlawfully, and by force came into
possession thereof, states, in effect, that it was thus taken
from his possession, and states a cause of action arising
on the day named, which continues until affirmatively
shown to be extinguished.'' It may be said that in each
of the foregoing cases the question before the court was
one solely of the sufficiency of the pleadings, and that in
the instant case no such question is before the court.

In the case last cited, in referring to a line of cases
holding that either ownership or right of possession must
be alleged as of the date of the commencement of the
action, it is said:

''The complaint, it is contended, fails to allege owner-
ship or right of possession at the time of the commence-
ment of the action, and hence, under the decisions in this

state, is insufficient (citing cases). In the cases cited, the only allegations of the complaint were, in each case, that at a day named prior to the filing of the complaint, the plaintiff was the owner and entitled to the possession of the property sued for, and that the defendant now wrongfully detains the same, etc. In this case the complaint alleged not only that on the day named the plaintiff was the owner and entitled to the possession of the property, but also that he was in possession of it, and that the defendants, on that day, without the plaintiff's consent, and against his will, wrongfully and unlawfully and by force came into possession of said personal property, and, in effect, that it was thus taken from his possession. The difference is, that, in the cases cited, no cause of action is alleged as existing either at the time of the commencement of the suit or at any other time. But in the case at bar a complete cause of action is alleged as arising on the day named; and it may be contended that the obligation of restoration having been created by the wrongful act of the defendant, it continues—with the action founded on it—until it is affirmatively shown to have been extinguished.''

The allegations of the amended complaint herein with reference to the ownership and possession of the automobile are that ''since the date of the purchase of the said automobile, to wit: September 19, 1921, plaintiff was, continued to be and now is the owner of the said automobile; that on November 30, 1921, plaintiff was in the exclusive possession of the said automobile, has ever since been entitled to the exclusive possession of the same and is now entitled to the exclusive possession thereof.'' [4] The allegations of the amended complaint are not criticised; but it is a rule (with but few exceptions, none of which is applicable here) that the findings must cover the material issues. The right of possession of plaintiff in the automobile at the time of the commencement of the action was a material issue upon which there should have been a finding by the court. In the case of *Cooke* v. *Aguirre,* 86 Cal. 479 [25 Pac. 5], it is said:

''The questions whether the plaintiff was entitled to the possession of the property, and whether he was damaged by the taking, were put in issue by the pleadings. Both of these were material issues. One of them, at least, must

have been found in favor of the plaintiff, to entitle him to recover. *There was no finding as to his right to the possession.* For this reason, the judgment is not supported by the findings." (See, also, *Banning* v. *Marleau,* 133 Cal. 485 [65 Pac. 964]; *Washburn* v. *Huntington,* 78 Cal. 573 [21 Pac. 305]; *Beggs* v. *Smith,* 26 Cal. App. 532 [147 Pac. 585].)

Such ruling would seem to settle the question here involved were it not for the intimation contained in the case of *Harris* v. *Smith,* 132 Cal. 316 [64 Pac. 409], to which attention has been heretofore directed, and which is to the effect that where right of possession is shown in the plaintiff on a certain day and on which day the plaintiff was wrongfully dispossessed by the defendant, a cause of action is stated "arising on the day named, which continues until it is affirmatively shown to have been extinguished."

In the instant case no question arises as to the sufficiency of the allegations of the complaint. The findings, after showing plaintiff's equitable ownership and her actual physical possession of the auto, are:

"That the said automobile was taken out of her custody on the 30th day of November, 1921, plaintiff's husband having deserted plaintiff on or about October 28, 1921, and absconded from the State of California, by defendant W. A. Shay, as sheriff, who acted at the instance and request of defendant R. B. Wilson, and that such taking of the said automobile from the custody of plaintiff was wrongful and without right."

[5] Following the rule, as laid down in *Harris* v. *Smith, supra,* it would, therefore, appear that the findings with respect to plaintiff's right of possession of the automobile support the judgment.

Appellants also urge the defense of estoppel. The court found that defendant Wilson relied upon the appearance of ownership of the automobile in plaintiff's said husband, which was created by virtue of the registration of the automobile and the registration certificate in the name of plaintiff's husband—(which registration certificate was exhibited to defendant Wilson) coupled with the additional fact that plaintiff's husband apparently had the use and control of the automobile—and that in consequence thereof defendant Wilson sold the diamond to plaintiff's husband and extended credit to him without any information or knowledge

that plaintiff claimed to have or had any interest whatsoever in the automobile. The court further found "that the said plaintiff knew that said automobile was registered in the name of her said husband, E. J. Sidney, and made no protest thereto and at no time made any effort to secure the registration thereof in her own name," although she had no knowledge regarding the sale of the diamond to her husband by defendant Wilson, nor ever in any manner ratified or approved the purchase thereof.

[6] It is a maxim of jurisprudence that if one of two innocent persons must necessarily be damaged because of the act of some third person, if it also appear that one of such innocent persons was blamable in that he placed the power in the hands of the third person to commit the wrong through which such injury was suffered, such innocent person must bear the loss. (Sec. 3543, Civ. Code.) [7] The facts of this case as heretofore outlined clearly present a basis for the application of the rule announced in the case of *McNeil* v. *Tenth National Bank*, 46 N. Y. 325 [7 Am. Rep. 341], that "where the true owner holds out another, or allows him to appear, as the owner of, or as having full power of disposition over the property, and innocent third parties are thus led into dealing with such apparent owner, they will be protected. Their rights in such cases do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power which, through negligence or mistaken confidence, he caused or allowed to appear to be vested in the party making the conveyance." In volume 10, page 641, of California Jurisprudence, the foregoing rule is restated and accompanied by a large list of California cases affirming the doctrine. That the doctrine of estoppel may be invoked where a wife knowingly permits her husband to deal with her personal property as his own and will prevent her from asserting her ownership therein, as against persons who have extended credit to her husband in reliance upon his apparent ownership of the property, see 21 Corpus Juris, 1179, where, in support of the rule, the following cases, among others, are cited: *Norris* v. *McCanna*, 29 Fed. 757; *Locklin* v. *Davis*, 71 Vt. 321 [45 Atl. 224]; *Boise Butcher Co.* v. *Anixdale*, 26 Idaho, 480 [144 Pac. 337];

*Brashear* v. *Crews,* 131 Ark. 593 [199 S. W. 386]; *McClain* v. *Abshire,* 63 Mo. App. 333; *Miller, Watt & Co.* v. *Mercer,* 70 Iowa, 166 [150 N. W. 694]; *Hamlin* v. *Bennett,* 52 N. J. Eq. 70 [27 Atl. 651]; *Leete* v. *State Bank,* 115 Mo. 184 [21 S. W. 788]. It would, therefore, appear from a consideration of the foregoing statement of facts and law that appellants' contention as to the estoppel of plaintiff herein should be sustained.

It follows that the judgment should be reversed. It is so ordered. It is further ordered that on the findings the superior court order judgment to be entered in favor of defendants.

Conrey, P. J., and Curtis, J., concurred.