### Sarah Stahl v. Raymond Lepage, d/b/a Country Club 66, Inc.

[352 A.2d 682]

No. 52-74

Present: Smith, Daley, Larrow, and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed February 3, 1976

*Richard C. Blum*, Burlington, for Plaintiff.

*McNamara and Fitzpatrick*, Burlington, for Defendant.

**Billings, J.** This is a case of automobile engine woe made worse after repair and an attempt to hold a service station owner liable, on a theory of apparent authority, for the mechanic's repairs. The trial court determined that, though plaintiff was poorly used and as a consequence severely damaged, there was no actual authority given to the mechanic to bind defendant service station owner, nor did defendant hold out the mechanic as an agent with apparent authority to bind him, and consequently concluded defendant was not liable to plaintiff. We affirm.

The court below found that in October, 1971, plaintiff was having trouble with her 1965 Volkswagen. After contacting one mechanic on a Saturday who was unable to do the work on short notice, she was referred by him to defendant's station as a place where the work might be done. Entering defendant's service station, plaintiff observed a sign that read "VW Repair". She discussed her car problem with defendant and one Ray Donley, who was employed by defendant to pump gas and do minor mechanical repairs at night.

Defendant advised plaintiff that he would not be able to do the work but that Donley could use the garage facilities if he wanted to take the job. The car needed a new engine. Plaintiff requested an engine of no less horsepower than the one then in her car, but Donley installed an engine of much less horsepower, and the installment was poorly done. The outcome was inevitable. The engine proved defective, and plaintiff had to replace the engine at a cost to her of $400.00. She paid for the majority of the bill by endorsing a check payable to her over to "Ray Donley (Country Club 66)", and the balance was paid in cash.

Plaintiff argues that the trial court, as a matter of law, should have concluded that defendant was estopped from denying that Donley acted as his agent in repairing plaintiff's car. A principal, she argues, citing Restatement (Second) of Agency § 8B (1957), is estopped to deny the agency and the authority of the agent to act if the principal knew the third party believed she was dealing with an agent with authority to bind the principal, yet failed to clarify the situation. See *Locklin* v. *Davis*, 71 Vt. 321, 322, 45 A. 224 (1899).

Plaintiff's estoppel argument, though, must fail in light of the court's specific finding, detailed above and supported by the evidence, that defendant advised plaintiff that he would not be able to do the work, but that Donley could use the garage facilities if he wanted to take the job. It is clear that defendant did clarify the employment situation and that plaintiff proceeded thereafter to deal exclusively with Donley. *Wilder* v. *Hinckley Fibre Co.*, 97 Vt. 45, 122 A. 428 (1923).

The findings of the trial court must stand if there is credible evidence fairly and reasonably supporting them. V.R.C.P. 52(a); *Lafountain* v. *Vermont Employment Security Board*, 133 Vt. 42, 330 A.2d 468 (1974). There is no error in the

facts as found by the trial court. The finding that defendant exercised no direction or control over Donley's activities concerning plaintiff's car is not made erroneous by the fact that defendant listened to plaintiff's car and diagnosed the problem. This activity preceded Donley's acceptance of the job and, importantly, was before defendant's indication that Donley could use the garage if he wanted to do the job. Other errors alleged by plaintiff center around findings that the court failed to make as to plaintiff's beliefs at the time of the discussion regarding repairs. In addition to the absence in the evidence and testimony of plaintiff's beliefs on the subject of the employment relationship between defendant and Donley, the allegation that at all times plaintiff believed that Donley was an employee of defendant for purposes of engine repair was not reasonable in light of defendant's testimony clarifying the employment relationship.

Plaintiff's estoppel argument cannot prevail. The lower court's findings, amply supported by the evidence, support the conclusion that defendant was not liable for Donley's poor quality of work which caused plaintiff damage.

*Judgment affirmed.*