Filed 7/29/22 White v. City of Stockton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| RALPH LEE WHITE, | |
| Plaintiff and Respondent, | C092503 |
| v. | (Super. Ct. No. STKCVURC20170010472) |
| CITY OF STOCKTON, | |
| Defendant and Appellant. | |

For years, Ralph Lee White held a use permit that allowed the sale of beer and wine in a mini-mart on his commercial property. The trial court determined that in 2016, the City of Stockton (the City) violated White's constitutional due process rights when it misinterpreted the use permit and denied a business license that would allow White's tenant to sell beer and wine. The trial court issued a writ of mandate requiring the City to

1

interpret the use permit to allow the sale of beer and wine, and the City does not challenge that portion of the ruling on appeal.

The trial court also considered whether the City could be held liable for damages for the due process violation under *Monell v. Department of Soc. Servs.* (1978) 436 U.S. 658 [56 L.Ed.2d 611] (*Monell*). Finding liability for constitutional damages, the trial court awarded $38,000 in damages against the City.

The City now contends the findings of fact and conclusions of law in the trial court's statement of decision do not support an award of damages under *Monell*. For his part, White contends the City cannot rely on the trial court's statement of decision because the City did not sufficiently request one.

We conclude (1) the City sufficiently complied with the requirements for a statement of decision, and (2) the evidence does not support damages for the City's violation of White's constitutional due process rights. We will reverse the award of damages and otherwise affirm the judgment.

BACKGROUND[1]

A

During the relevant time period, White owned commercial property in the City and held a use permit. For 20 years, the City interpreted the use permit to allow sale of beer and wine. In 2016, White's tenant, Mohammed Alnaggar, applied for a business license to sell beer and wine. Megan Meier, an Assistant Planner for the City's Community Development Department, investigated the application and learned that gasoline was no longer being sold on the property as anticipated in the use permit. She

---

[1] White argues the City forfeited its arguments on appeal by omitting from its statement of facts some of the facts White deems significant. (*Oak Valley Hospital Dist. v. State Dept. of Health Care Services* (2020) 53 Cal.App.5th 212, 217 [appellant must set forth facts favorable to the judgment].) We disagree. The City's statement of facts included the essential facts necessary to decide this appeal.

concluded the business license should be denied because beer and wine could be sold on the property only if gasoline was also sold. According to the trial court, Meier's decision to deny the business license was ratified by a City policymaker.

White filed a petition for writ of mandate and complaint for damages against the City. The trial court concluded the change in the interpretation of the use permit, which resulted in the denial of the business license, violated White's constitutional right to due process. Based on this conclusion, the trial court issued a writ of mandate in this action in 2018, requiring the City to interpret the use permit as allowing the sale of beer and wine. The City concedes the writ was properly issued and does not contest on appeal the finding the City violated White's constitutional due process rights. The only issue on appeal is whether White is entitled to damages for violation of his due process right under *Monell.*

After the City denied the business license in 2016 and before this action was filed, Alnaggar applied for a new use permit to sell beer and wine on the property. The Planning Commission denied the new use permit, and the City Council upheld the denial on appeal. Concerning that application for a new use permit, the trial court noted: "As we now know, a new use permit was never necessary. Mr. Alnaggar had a valid use permit allowing the off-sale of beer and wine on the premises, even though City did not acknowledge it."

The question of damages for the violation of constitutional due process was considered during a court trial, after which the trial court issued a statement of decision. The trial court concluded White was entitled to damages for the violation of his due process rights under *Monell* because Meier's determination to deny the business license was ratified by her superiors. This appeal followed.

B

A municipality may be held liable under 42 United States Code section 1983 (section 1983) for violation of a person's federal constitutional rights if the entity, itself,

3

caused the violation. (*Monell, supra*, 436 U.S. at p. 690.) "To establish *Monell* liability, ' "a plaintiff must 'identify the challenged policy, [practice, or custom,] attribute it to the [municipality] itself, and show a causal link between the execution of the policy, [practice, or custom,] and the injury suffered.' " [Citation.]' " (*Arista v. County of Riverside* (2018) 29 Cal.App.5th 1051, 1064.)

A plaintiff may establish municipal liability under section 1983 in any one of several ways. First, the plaintiff may prove the unconstitutional action was taken pursuant to an express municipal policy. (*Monell, supra*, 436 U.S. 658.) Second, the plaintiff may prove a city employee committed the alleged constitutional violation pursuant to "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a "custom or usage" with the force of law.' " (*St. Louis v. Praprotnik* (1988) 485 U.S. 112, 127 [99 L.Ed.2d 107].) Third, the plaintiff may establish the constitutional violation was committed by an official with "final policymaking authority" and the challenged action itself thus constituted an act of official government policy. (*Pembaur v. City of Cincinnati* (1986) 475 U.S. 469, 480-481 [89 L.Ed.2d 452] (*Pembaur*).) And fourth, the plaintiff may prove an official with final policymaking authority ratified a subordinate's unconstitutional action and the basis for it. (*St. Louis*, at p. 127.)

The trial court found the City liable under the fourth way of establishing liability under section 1983: ratification of a subordinate's unconstitutional action and the basis for it.

Additional background is provided in the Discussion.

DISCUSSION

I

Preliminarily, we consider White's contention the City did not sufficiently request a statement of decision on the issue of *Monell* liability. He claims that because the City

4

did not sufficiently request a statement of decision, we must infer all factual findings in favor of the judgment without regard to the trial court's stated reasoning.

"A judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) In support of the judgment, we will infer findings based on substantial evidence. (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 48.) However, "[w]hen a proper request for a statement of decision has been made, the scope of appellate review may be affected. [Citation.] Under [Code of Civil Procedure] section 632, upon a party's request after trial, the court must issue a statement of decision 'explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial.' And under [Code of Civil Procedure] section 634, if the statement of decision does not resolve a controverted issue or is ambiguous, and the omission or ambiguity was brought to the attention of the trial court, 'it shall not be inferred on appeal . . . that the trial court decided in favor of the prevailing party as to those facts or on that issue.' [Citations.]" (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981.)

The City initially requested a statement of decision from the trial court. Specifically, the City requested an explanation of whether White "carried his burden under California law to prove a loss of earnings caused by an act or failure to act by the City." The City also requested a statement as to proof of damages.

The trial court issued a tentative decision in which it considered *Monell* liability and concluded there was sufficient evidence of ratification to support the City's liability because Meier declared that she and her "superiors" had decided the Community Development Department could not approve the business license. After issuing the tentative decision, the trial court entertained oral argument on the tentative decision. In its argument, the City specifically disagreed with the trial court's finding of ratification, pointing out that there was no evidence that anyone with policymaking authority ratified

5

Meier's decision to deny the business license. White also presented argument on the ratification issue.

At the end of the hearing, the City reiterated its desire for a statement of decision and offered to file an amended request for statement of decision. The trial court said there was no need for an amended request because it intended to adopt the tentative decision as the statement of decision, with minor modifications not relevant here. White asked if the modified statement of decision would be a new tentative decision; the trial court indicated it would be the final order upon which judgment would be entered because the trial court had already considered all the arguments.

On appeal, White contends we must infer all findings in support of the judgment because the City did not request a statement of decision or object to the trial court's finding that the denial of the business license was ratified by a policymaker. In making this contention, White ignores the colloquy between the trial court and counsel concerning whether the City needed to make any further filing concerning the controverted issues. The trial court chose to hold a hearing and discuss the issues rather than requiring adherence to the procedures in Code of Civil Procedure sections 632 and 634, and the trial court told the City that it desired no further filings with respect to the statement-of-decision process. A trial court has inherent and statutory discretion to control the proceedings to ensure the efficient administration of justice. (Code Civ. Proc., § 128; *People v. Gonzalez* (2006) 38 Cal.4th 932, 951.) And White did not object to the trial court's exercise of discretion in controlling the proceedings.

We therefore conclude the City complied with the requirements of Code of Civil Procedure sections 632 and 634 to the extent allowed by the trial court. Consequently, we review the findings of fact for substantial evidence and consider de novo whether the trial court's findings of fact support the conclusions of law. (*Westfour Corp. v. California First Bank* (1992) 3 Cal.App.4th 1554, 1558.)

6

## II

The City contends the trial court's findings of fact were insufficient to support the trial court's judgment based on *Monell* liability.

The trial court's statement of decision held that the City was liable under *Monell* because Meier's decision to deny the business license was ratified by a policymaker. The trial court relied on Meier's declaration that the decision was made by Meier and "her superiors."

The City argues the evidence that Meier's "superiors" in her office participated in the decision was not sufficient to establish that an official with final policymaking authority ratified the decision to deny the business license. We agree. The trial court made no findings concerning who the superiors were or that such superiors were policymakers, and there is no evidence to support a finding that Meier or her superiors in her office were officials with final policymaking authority.

"[N]ot every decision by municipal officers automatically subjects the municipality to [section] 1983 liability. Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official—even a policymaking official—has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. [Citation.] The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable." (*Pembaur, supra*, 475 U.S. at pp. 482-483, fns. omitted.) "[M]unicipal liability under [section] 1983 attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. [Citation.]" (*Id*. at p. 483.)

The fact that Meier's superiors participated in the decision to deny the business license does not establish the decision was made by an official with final policymaking

7

authority. Therefore, the findings of fact in the statement of decision do not support the trial court's conclusion of law in that regard. This flaw was the focus of the City's argument at the hearing concerning the statement of decision. When a conclusion of law—here, that a policymaker ratified the decision to deny the business license—is not supported by the findings of fact, the conclusion of law must be disregarded. (*Lee v. Hibernia Sav. & Loan Soc.* (1918) 177 Cal. 656, 659; *County of Santa Cruz v. McLeod* (1961) 189 Cal.App.2d 222, 235.) If there was factually no ratification, the evidence is insufficient to sustain the trial court's conclusion of ratification and imposition of *Monell* liability.

Even if we were to disregard the statement of decision, the evidence, construed in favor of the judgment and implying findings in favor of the judgment, was insufficient to support *Monell* liability. A plaintiff carries the burden of proof on *Monell* liability. Therefore, if there is an absence of evidence to support *Monell* liability, the defendant must prevail. (*Harman v. City and County of San Francisco* (2006) 136 Cal.App.4th 1279, 1296 (*Harman*).)

White claims there was evidence a policymaker ratified the decision to deny the business license because Meier's superiors participated in the decision and included a policymaker. One of Meier's superiors was Peter Kwong, the City's Director of Community Development. In fact, Kwong confirmed that he was involved in the decision to deny the business license because the business no longer sold gas. And White claims Kwong had final policymaking authority. But the argument fails on the last assertion—that Kwong had final policymaking authority. There was no evidence or legal theory presented that Kwong had final policymaking authority. Instead, Kwong testified he did not have final policymaking authority.

Nevertheless, White claims Meier and Kwong were "final policymakers on this particular issue" because they made the final decision to deny the business license. White argues: "This was a final decision limiting the available uses under the existing

8

use permit with no opportunity for White—the permit holder—to challenge it." The argument conflates the concepts of final policymaker and final decisionmaker. " 'When a final decision by an employee implements municipal policy, then municipal liability may follow. But if a final decision does not implement municipal policy, or is contrary to it, then it is not imputable to the municipality.' [Citation.]" (*Harman, supra*, 136 Cal.App.4th at p. 1299.) In other words, a final decision may or may not reflect final policy. It was incumbent on White to establish that the decision to deny the business license reflected municipal policy or was ratified by a final policymaker. He did not.

White also argues Meier's decision to deny the business license was ratified by the Planning Commission and the City Council because those bodies later denied Alnaggar's application for a new use permit. (White did not present this theory to the trial court, and the trial court did not address it in the statement of decision.) This argument has no merit because the Planning Commission and City Council were not reviewing the decision to deny the business license based on the already-existing use permit—the decision which violated White's constitutional rights. Approval or ratification of the business-license denial, which was based on the already-existing use permit, was not presented to the Planning Commission or City Council. Instead, whether to issue a new use permit—a decision much different than whether the already-existing use permit allowed sale of beer and wine—was before those two bodies. Accordingly, the decision to deny a new use permit was not effectively a ratification of Meier's decision to deny the business license based on the already-existing use permit.

White claims the City Council knew of, and was deliberately indifferent to, the violation of White's constitutional rights caused by the denial of the business license. However, because the denial of the business license was not presented to the City Council, the claim that the City Council was deliberately indifferent lacks merit.

9

## DISPOSITION

The award of damages is reversed.  In all other respects, the judgment is affirmed.

The City is awarded its costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)



        /S/
        MAURO, J.


We concur:


        /S/
ROBIE, Acting P. J.


        /S/
DUARTE, J.