[S. F. No. 10321. In Bank.—December 14, 1923.]

## H. B. STEELE, Appellant, v. F. J. SCOTT, Respondent.

[1] CONTRACTS—SALE OF INTEREST IN BUSINESS—RESCISSION—DECEIT —TRANSFER OF REMAINING INTEREST BY DEFENDANT—FINDINGS.— In an action for the rescission of a contract of purchase by plaintiff from defendant of a one-half interest in a business, for money had and received, and for breach of contract by reason of failure of consideration, where the trial court found that the plaintiff duly gave notice of rescission of the contract upon sufficient grounds of fraud and tendered back the property received, the further finding that the defendant had in the meanwhile parted with the remaining one-half interest retained by him at the time of his transaction with plaintiff does not affect the former findings which compel a judgment in favor of the plaintiff.

[2] ID.—RESCISSION—UNAFFECTED BY ACTS OF DEFENDANT.—The duty of a party to a contract rescinding, in so far as restoring the *status quo* is concerned, does not extend to undoing acts performed by the other party.

[3] ID.—TRANSFER OF REMAINING INTEREST—EFFECT UPON RESCISSION. In such an action, the defendant was at liberty to part with the moiety of the business remaining in him after the sale to the plaintiff; but by doing so he could not affect any legal right of the plaintiff. So far as the latter was concerned, the *status quo* was restored when he made tender of the proportionate interest in the business which the defendant had transferred to him.

[4] ID.—FINDINGS—INFERENCES—PARTNERSHIP — RESCISSION.—In such an action, the inferences that the half interest in the business

purchased by plaintiff was a half interest in a partnership exist-
ing between the parties, and that the sale by defendant of his
remaining interest to other persons constituted such other persons
and the plaintiff partners in said business, were erroneously drawn
from the previous findings, where as to the first inference the
preceding findings of the court establish that the copartnership
between plaintiff and defendant was formed in view of the ac-
quisition by the former of a half interest in a business of which
defendant was the sole owner; and as to the second inference,
the transfer by the defendant to other persons of his remaining
interest did not in law create a partnership between them and the
plaintiff, there being, aside from the latter erroneous inference,
no finding that the plaintiff ever entered into a partnership with
these persons.

[5] ID.—CONSUMPTION OF PART OF PROPERTY AFTER RESCISSION—EF-
FECT OF—EVIDENCE.—In such an action, the fact that subsequent
to the tender wrongfully refused by the defendant the plaintiff
and the successors to defendant's remaining half interest, in the
conduct of the business for some thirty days, consumed some of the
property, rendering impossible its return to the defendant, did
not affect the rescission on the part of plaintiff, where the prop-
erty forming the subject of the sale being a going business, the
continuance of the business during the brief period of thirty days
was practically forced upon the plaintiff by the wrongful act of
the defendant, and the value of the articles thus consumed was
deducted from the amount which the trial court found that the
defendant had fraudulently obtained from the plaintiff.

[6] ID.—PLEADING—JUDGMENT—ISSUES.—In such an action, indepen-
dent of any question of rescission, the facts found by the court,
being within the issues, required a judgment in favor of the
plaintiff for the return of his money, less one-half of the value
of the physical personal property.

[7] ID.—RESCISSION—DECEIT—JUDGMENT—SECTION 580, CODE OF CIVIL
PROCEDURE.—Where upon rescission the plaintiff is entitled to a
sum of money to which he would be equally entitled in an action
for deceit brought upon the contract, and the grounds upon which
rescission is asked are fraud and deceit in obtaining plaintiff's
money in exchange for worthless property, in order to prevail the
plaintiff must prove his allegations of fraud; and if the court
find that in fact the property was worthless, its judgment, whether
it include a cancellation of the contract or not, must award to
the plaintiff the money so paid by him. This amount is the same
whether recovered as the result of rescission or as compensation
for the detriment suffered through the defendant's deceit; and
such a case comes within the provisions of section 580 of the
Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge. Reversed.

The facts are stated in the opinion of the court.

G. F. Humphrey and Grant & Zimdars for Appellant.

W. F. Stafford for Respondent.

KERRIGAN, J.—Plaintiff in his complaint, in one count, sets forth a cause of action for the rescission of a contract of sale; in a second count, a cause of action for money had and received, and, in a third, a cause of action for breach of the contract by reason of the consideration therefor having failed.

The cause was tried, and the court found that the defendant on February 7, 1917, owned a certain restaurant business in San Francisco, and then and prior thereto had represented that it was profitable; that the receipts of the restaurant were in excess of $135 per day, and that the business was clearing more than $300 per month over and above all expenses, this latter representation being in the form of a written guarantee; that he also represented that there were goods and personal property of great value belonging to the business, and a half interest in the business was worth $1,750. The court found that as a matter of fact all these representations were false and known to be so by the defendant; that the business had made no profits since May 1, 1916; that these representations were made to the plaintiff for the purpose of inducing him to buy; that the plaintiff believed and relied thereon and was thereby induced to pay defendant $1,650 for a half interest in said business, making the first payment on February 7, 1917, and completing the payments on the 16th of that month; that plaintiff was induced to enter into a partnership agreement with the defendant on February 16, 1917, for the conduct of said business; that on February 24th following plaintiff discovered that said representations were false, and on February 28, 1917, notified defendant that he repudiated and rescinded said sale and copartnership; that he then tendered to defendant and offered to restore to him all property re-

ceived, upon condition that defendant return his $1,650, and
gave due notice of such rescission; that plaintiff was not a
man versed in business and had no knowledge of the restau-
rant business; that he believed and relied upon defendant's
representations and was induced thereby to buy said one-
half interest and pay $1,650 therefor, and to enter into said
partnership; that between February 16 and 24, 1917, upon
similar representations, defendant sold the other one-half of
the business for $900 to one Sam Illich and the latter's four
partners, who were experienced restaurant men, and that
these, on February 28, 1917, also rescinded their purchase;
but that defendant refused to accede to such rescission or to
the rescission by plaintiff, and that plaintiff and said Sam
Illich and the latter's four partners conducted the business
until March 28, 1917, applying all receipts therefrom to the
current expenses thereof, but that the receipts were entirely
insufficient to pay the necessary running expenses, and on
March 28, 1917, the business was attached in actions brought
to recover these unpaid expenses, and closed up, and all
the physical property subsequently applied under execution
upon judgments obtained in said actions, and that there
was nothing left; that the physical property belonging to
the business was not worth in excess of $500 at the time of
the sale to plaintiff, and the one-half thereof sold to plaintiff
was not worth in excess of $250; that plaintiff was damaged
by reason of said facts in the sum of $1,650, less the sum
of $250, which latter was the value of one-half of the physi-
cal property belonging to said business at the time of plain-
tiff's purchase.

The trial court made this further finding, to wit: "When
plaintiff made his offer of rescission on February 28,
1917, . . . said plaintiff could not at said time restore to
defendant the one-half interest in the partnership existing
at the time of plaintiff's purchase thereof (and which was
a partnership of said plaintiff and defendant) for the reason
that said defendant had previous to such offer of rescission
by plaintiff, sold the other one-half interest in said business
to said Sam Illich and his four partners, and because thereof
the partnership existing at the time of said offer of rescis-
sion was a partnership consisting of said plaintiff and said
Sam Illich and the latter's four partners."

The court thereupon entered judgment in favor of the defendant, from which plaintiff appeals, the case being here upon the judgment-roll.

The appellant makes two contentions in support of his appeal, namely, that upon the findings of the court he was and is entitled to judgment annulling the contract and ordering the return of the money paid by him; and, second, that even if the findings will not support such a judgment, they nevertheless support and require a judgment in his favor for the amount so paid by him, inasmuch as the findings show that such amount was fraudulently obtained as the consideration for property possessing no value whatever, such a judgment being within the case made by the pleadings and proof.

We agree with the appellant in both of these contentions.

It may be said, parenthetically, that while the price paid was the sum of $1,650, the appellant acquiesces in a deduction of $250 from that amount, found by the court to be the value of certain articles or commodities turned over to him by the defendant in connection with the transfer of the business, and which were entirely consumed in conducting the business during the brief period that it survived the transfer to the plaintiff. While we think the plaintiff is quite liberal in this concession, we will consider the appeal upon the understanding that he is now only asking this court to direct that a judgment be entered in his favor for the purchase price less this sum of $250, to wit, $1,400.

Referring to the trial court's findings above set forth it is apparent therefrom that the only grounds upon which it denied the plaintiff judgment in the sum of $1,400 are those stated in the last of those findings. By it the court finds that the plaintiff could not have restored to the defendant "one-half interest in the partnership existing at the time of plaintiff's purchase thereof (and which was a partnership of said *plaintiff* and defendant) *for the reason* that said *defendant* had previous to such offer of rescission by plaintiff, *sold the other one-half interest* in said business to said Sam Illich and his four partners; *and because thereof* the partnership existing at the time of said offer of rescission was a partnership consisting of said plaintiff and said Sam Illich and the latter's four partners."

[1] This finding upon its face purports to be nothing more than an inference drawn by the court from its previous findings; and if such inference is erroneous, as it undoubtedly is, the previous findings retain and must be given their due legal effect. The court specifically found that the plaintiff duly gave notice of rescission of the contract upon sufficient grounds, and tendered back the property received. That property was a half interest in a certain restaurant business; and the court finds that such tender is inefficacious because the *defendant* had in the meantime parted with the remaining half interest retained by him at the time of his transaction with the plaintiff. [2] But the duty of a party to a contract rescinding, in so far as restoring the *status quo* is concerned, does not extend to undoing acts performed by the other party. [3] The defendant was, of course, at liberty to part with the moiety of the business remaining in him after the sale to the plaintiff; but by doing so he could not affect any legal right of the plaintiff. So far as the latter was concerned, the *status quo* was restored when he made tender of the proportionate interest in the business which the defendant had transferred to him. (13 C. J. 621; 2 Black on Rescission and Cancellation, sec. 618, p. 1427; *Hammond* v. *Pennock,* 61 N. Y. 145.)

[4] It is not necessary to refer at length to two other erroneous inferences contained in the particular finding under discussion, namely, that the half interest in the business purchased by plaintiff was a half interest in a partnership existing between the parties, and that the sale by defendant of his remaining interest to other persons constituted such other persons and the plaintiff partners in said business. As to the first, the preceding findings of the court establish that the copartnership between plaintiff and defendant was formed in view of the acquisition by the former of a half interest in a business of which the defendant was the sole owner; and as to the second, the transfer by the defendant to Illich et al. of his remaining interest did not in law create a partnership between them and the plaintiff. With the exception of this erroneous inference from the previously found facts there is no finding that the plaintiff ever entered into partnership with these persons.

[5] If it be objected that subsequent to the tender wrongfully refused by the defendant, the plaintiff and the

successors to defendant's remaining half interest, in the conduct of the business for some thirty days, consumed some of the property, rendering impossible its return to the defendant, a sufficient answer to this is that the property forming the subject of the sale being a going business, the continuance of the business during the brief period of thirty days was practically forced upon the plaintiff by the wrongful act of the defendant, and the value of the articles thus consumed was deducted from the amount which the trial court found that the defendant had fraudulently obtained from the plaintiff. By this deduction from the amount to which by the findings of the trial court the plaintiff would have been entitled, the defendant was placed *in statu quo,* since the court finds that it was the full value of the property consumed, and that apart from this modicum of property the business was valueless. The plaintiff's right of rescission, therefore, remained unaffected. (*Clark* v. *Wells,* 127 Minn. 353 [L. R. A. 1916F, 476, 149 N. W. 547]; *Green* v. *Duvergey,* 146 Cal. 379 [80 Pac. 234].)

[6] We think, also, that independent of any question of rescission, the facts found by the court, being within the issues, required a judgment in favor of the plaintiff for the return of his money, less one-half of the value of the physical personal property, or $250. A judgment for the return of the money was, therefore, "relief consistent with the case made by the complaint and embraced within the issue." (Code Civ. Proc., sec. 580; *Tyler* v. *Mayre,* 95 Cal. 160 [27 Pac. 160, 30 Pac. 196]; *Murphy* v. *Stelling,* 8 Cal. App. 702 [97 Pac. 672]; *Union Oil Co.* v. *Mercantile Refining Co.,* 8 Cal. App. 768 [97 Pac. 919].)

In opposition to this view the respondent cites the case of *Westerfield* v. *New York Life Ins. Co.,* 129 Cal. 68 [58 Pac. 92, 61 Pac. 667], holding that in the case of rescission of a contract an action for damages thereon cannot be sustained. While that case undoubtedly states the general rule, it is not of invariable application, and it was so held in *Montgomery* v. *McLaury,* 143 Cal. 83 [76 Pac. 964], in which that case was reviewed in an opinion by the late Chief Justice Beatty. [7] It may happen, as here, that upon rescission the plaintiff is entitled to a sum of money, to which amount he would be equally entitled in an action for deceit brought upon the contract. In such a case, if the

grounds upon which rescission is asked are fraud and deceit in obtaining plaintiff's money in exchange for worthless property, in order to prevail the plaintiff must prove his allegations of fraud; and if the court find that in fact the property was worthless, its judgment, whether it include a cancellation of the contract or not, must award to the plaintiff the money so paid by him. This amount is the same whether recovered as the result of rescission or as compensation for the detriment suffered through the defendant's deceit. Such a case comes clearly within the provisions of section 580 of the Code of Civil Procedure, above cited. (*Bancroft* v. *Woodward,* 183 Cal. 99 [190 Pac. 445]; *Montgomery* v. *McLaury,* 143 Cal. 83 [76 Pac. 964]. See, also, *Glover* v. *Radford,* 120 Mich. 542 [79 N. W. 803]; *Richardson* v. *Lowe,* 149 Fed. 625 [79 C. C. A. 317].)

It results from the foregoing that upon the court's findings of fact (disregarding its erroneous inferences based thereon) it should have entered judgment for the plaintiff for at least the sum of $1,400, with interest and costs as prayed. The judgment is reversed and the cause remanded to the trial court, with directions that it enter such a judgment, provided, however, that the defendant may, within the time provided by law, move for a new trial or appeal, if so advised, upon the ground that the findings of fact are not supported by the evidence.

Lawlor, J., Myers, J., Seawell, J., Wilbur, C. J., and Lennon, J., concurred.