[L. A. No. 8925. Department One.—December 13, 1927.]

HAMMOND LUMBER COMPANY (a Corporation), Appellant, v. BARTH INVESTMENT CORPORATION (a Corporaton) et al., Defendants; CLAUS DUE, Respondent.

[1] MECHANICS' LIENS—COMPLETION OF BUILDING—FINDINGS OF ULTIMATE AND PROBATIVE FACTS—CONFLICT.—In a suit to foreclose a mechanic's lien for material furnished and labor performed in the construction of a building, where the court found that the building was completed prior to June 1, 1922, that prior to that date the owner took possession of the building and ever since has occupied the same, and by another finding found that the electrical work for the building, which was included in the building contract and described by the plans and specifications, was done or performed in May and June, 1922, and was *finished* on June 17, 1922, the findings are in irreconcilable conflict.

[2] ID.—CONSTRUCTION OF FINDINGS.—If the probative facts upon which the ultimate fact must rest lead to a conclusion repugnant to the ultimate fact found, the latter must be held to be invalidated by the former.

[3] ID.—CONSTITUTION—REMEDIAL PROVISIONS—LIBERAL CONSTRUCTION. Liens of mechanics and materialmen are protected by section 15, article XX, of the state constitution, and, being remedial in character, are to be liberally construed with a view to effect the object of the constitution and promote justice.

[4] ID.—TRIVIAL IMPERFECTIONS—COMPLETION OF WORK.—In a suit to foreclose mechanics' liens, where the court found that the contract cost of construction of the building was $13,500 and the original contract cost for the installation of the electrical work was approximately $357 and said work was improperly installed and left in a partially unfinished condition, and that ninety-five hours' work at a cost of $193.50 was thereafter done to correct and complete said work in accord with the plans and specifications and the requirements of the city ordinances of the city of Los Angeles, said electrical work was not trivial in character, within the meaning of "trivial imperfections" referred to in section 1187 of the Code of Civil Procedure, and a lien filed ninety days after the completion of the electrical work, no notice of completion having been filed, was filed in time.

(1) 40 C. J., p. 487, n. 1.   (2) 38 Cyc., p. 1986, n. 86.   (3) 40 C. J., p. 51, n. 60.   (4) 40 C. J., p. 191, n. 22, p. 205, n. 98.

APPEAL from a judgment of the Superior Court of Los Angeles County. Harry A. Hollzer, Judge. Reversed.

The facts are stated in the opinion of the court.

R. L. Horton for Appellant.

Constan Jensen for Respondent.

SEAWELL, J.—The court below gave a default judgment for the plaintiff, Hammond Lumber Company, a corporation, against defendants Barth Investment Corporation, Isaac Barth and A. Barth for $3,041.59, the contract price of building materials furnished and labor performed by

plaintiff in connection with the construction of a building on premises situate in the city of Los Angeles and owned by defendant Claus Due, but denied the prayer of plaintiff's complaint that it be adjudged to have a lien upon the said building for said contract price, by virtue of having furnished said materials and labor, and that the court direct the foreclosure of said lien as by law provided. From that portion of the judgment decreeing that plaintiff was without a right of lien it appeals on the judgment-roll alone. The sole question involved is whether plaintiff has lost its right to assert a lien by reason of a failure to file its claim of lien within the ninety-day period following the completion of the building which is allowed in cases where the owner fails to file a notice of completion as required by the law relating to mechanics' and materialmen's liens. (Secs. 1183–1203a, Code Civ. Proc.)

[1] All of the facts involved in the case, both ultimate and probative, are set forth in the findings, which are in irreconcilable conflict. By finding VI the court found "that it is true that said building or structure was completed prior to June 1, 1922; that prior to said June 1, 1922, said defendant Claus Due took possession of said building or structure and of said premises and occupied the same and ever since has continued to occupy the same; that no notice of completion of said building or structure has been filed of record." By finding VIIa the court found that the electrical work, which was included in the building contract and described by the plans and specifications, was done or performed in May and June and "was *finished* on the 17th day of June, 1922." The probative facts found therein as to the necessity of the completion of the electrical work in order to conform with the building plans and specifications and to meet the requirements of the ordinances of the city of Los Angeles are fully set forth. It is apparent that these facts do not support the ultimate findings that the building was finished or completed prior to June 1, or that the incompleted work may be classified as a trivial imperfection. Finding VIIa follows:

"That the electrical work in said building was originally subcontracted to one Roscoe A. Coffman, but the said subcontractor Coffman installed said work improperly and some time in May, 1922, ceased labor upon said electrical

work, and left the same in a partially unfinished condition; and thereafter the contractors, acting by and through Isaac Barth, employed one Everett Ingraham, an electrical contractor, to complete said work in a proper manner. The said Ingraham, while said owner was in the use, occupation and possession of said structure, did 95 hours' work upon said Due building to correct and complete said electrical work in accord with the plans and specifications and the requirements of the city ordinances of the city of Los Angeles, at a reasonable cost of $193.50; that said work was all done in May and June, 1922, and was necessary to correct and complete the work in accord with the plans and specifications; that said work consisted generally of putting in more and heavier wires, and drawing out wires not heavy enough to carry the load, and putting in necessary materials to correct and complete said work; that said work done by the said Ingraham was finished on the 17th day of June, 1922. That without the work done by said Ingraham, the city electrician's office of the city of Los Angeles refused to accept said work and furnish a final inspector's certificate; that said acceptance by the city and final certificate of acceptance was not issued by the city until after the 17th day of August, 1922. The original contract for the construction of said building contained the following: 'All work to be installed in accordance with city ordinances, furnishing electrical inspector's certificate before work will be accepted.' The city permit granted to said subcontractor Ingraham to do this work was dated and issued on the 5th day of June, 1922. The court finds that the above work constituted a trivial imperfection; that the contract cost of construction of said flat was $13,500, and the original contract cost for the installation of the electrical work was approximately $357.00.''

[2]    The findings above set forth dispose of all the facts to be found in the case. Therefore, if the probative facts upon which the ultimate fact must rest lead to a conclusion repugnant to the ultimate fact found the latter must be held to be invalidated by the former. (24 Cal. Jur. 972.) If the electrical work was completed, as found by the court, on June 17th, and was not a trivial imperfection, the appellant's lien was filed within time and it is valid. The ''trivial imperfection'' provision of section 1187 of the Code

of Civil Procedure was added to the code in 1897 for the benefit of the lien claimants and not as a hindrance to the enforcement of materialmen's liens.  [3]  Liens of mechanics and materialmen are protected by section 15, article XX, of the state constitution, and, being remedial in character, are to be liberally construed with a view to effect the object of the constitution and promote justice.  (*Continental Bldg. & Loan Assn.* v. *Hutton,* 144 Cal. 609 [78 Pac. 21]; *McClung* v. *Paradise, etc.,* 164 Cal. 517 [129 Pac. 774]; *Martin* v. *Becker,* 169 Cal. 301 [Ann. Cas. 1916D, 171, 146 Pac. 665].)

[4]  Neither does the amount, value, and character of the materials required to be furnished and labor performed to place the building in a completed state appear to us to be of that trivial character as to impel a holding that the claimant has thereby lost his lien.  A test that has been applied in this class of cases and which has the sanction of judicial approval was thus stated in *Hammond Lumber Co.* v. *Yeager,* 185 Cal. 355 [197 Pac. 111]: "Are the imperfections in the performance of the work so trivial in character as to permit the contractor to recover for substantial performance?"  We think that the findings set out in VIIa impel a negative answer.

The judgment is reversed.

Preston, J., and Curtis, J., concurred.

Hearing in Bank denied.

All the Justices concurred.