[Civ. No. 6275. First Appellate District, Division One.—March 12, 1928.]

J. E. WINSHIP et al., Respondents, v. MINNIE HOLDEN et al., Appellants.

A. Heber Winder for Appellants.

R. J. Welch, Jr., and Estudillo & Schwinn for Respondents.

PARKER, J., *pro tem.*—This is an action for the foreclosure of a materialman's lien. From a judgment in favor of plaintiffs decreeing that said lien be foreclosed defendants appeal.

There is but one question presented here and that is the claim of lien did not comply with the statute in that it did not describe the kinds of materials furnished. No other point is urged on the sufficiency of the claim of lien, it being conceded that the claim in all other respects conformed to the requirements of the statute. All that appears in the claim of lien relating to the kind of materials furnished is as follows: "Notice is hereby given that J. E. Winship, J. Vernon Winship and Frank E. Winship, copartners doing business under the firm name and style of J. E. Winship & Sons, dealers in lumber and building materials at all times hereinafter set forth, furnished materials which were actually used in the construction of certain buildings, to wit, two frame dwellings and garage now upon that certain lot of land situate in the city of Riverside, County of Riverside, State of California, and sought to be charged with the lien" (describing property). Further in the claim of lien appears this paragraph: "That J. T. Nicholson, also known as Joseph T. Nicholson, is the name of the contractor with whom said parties contracted for the construction of said buildings, and that as such contractor with whom said parties contracted for the construction of said buildings, and that as such contractor and agent for said owners, entered into an oral agreement with said J. E. Winship & Sons to furnish building materials."

The appellants urge the insufficiency of the claim of lien, and base their contention upon the wording of the statute which gives the right of lien and the authorities construing said statute.

Section 1187 of the Code of Civil Procedure provides: "Every original contractor claiming the benefit of this chapter, and every person save the original contractor claiming the benefit of this chapter, may file for record with the

county recorder of the county or city and county in which such property or some part thereof is situated a claim of lien containing a statement of his demand after deducting all just credits and off-sets, the name of the owner or reputed owner, if known, *a general statement of the kind of work done or materials furnished by him, or both,* the name of the person by whom he was employed or to whom he furnished the materials, and a description of the property sought to be charged with the lien.''

 The appellants contend that the claim of lien does not meet the requirements of the statute in that it contains no statement of the kind of materials furnished.

In determining the question presented and in discussing the sufficiency of the claim we will consider the notice of claim of lien as a whole, that is to say, that if in any portion of the claim there appears a sufficient statement of the kind of materials furnished the objection would be met. Therefore, taking the first portion of the claim as hereinbefore given we find the statement merely that materials were furnished. In the second paragraph we find the statement that an oral agreement was entered into for the furnishing of building materials, and the further statement that such agreement has been fully performed. Summarizing the contents of the claim we find this much expressly stated therein; that claimants, dealers in lumber and building materials, furnished building materials which were actually used in the construction of certain frame buildings; and in addition thereto the claim of lien sets forth that the owners had due notice of said materials being furnished for said buildings.

We may repeat here that it is conceded that in all other respects the claim of lien complies with the requirements of the statute.

The contention of appellants is disposed of in the very recent case of *Trout* v. *Siegel et al.,* 202 Cal. 706 [262 Pac. 320], decided on December 20, 1927. True, the facts in the case were somewhat different, but the same rule of law must be applicable. In that case the lien claimant was the original contractor, who dealt directly with the owner, while in the instant case the claimant is a materialman, whose dealings were with the contractor. The courts in many instances have intimated that a different rule of construction

would be applied to the original contractor who dealt with the owner than to a materialman dealing with the contractor. But the statute itself warrants no such distinction. ■ The only distinction made in section 1187 of the Code of Civil Procedure, is as to the time within which claims may be filed. The claim in all cases is the same. Further, in the case of *Trout* v. *Siegel et al., supra,* the claim set forth that the claimant held a contract to furnish all of the materials to be used in the building and construction thereof, while in the instant case the claimant evidently did not furnish all of the materials. However, the same reasoning must apply. If we were to hold the claim of lien here to be insufficient it would be on the theory that the purpose of the statute was, as has often been argued, to give the owner notice of exactly what was claimed, to the end that he might investigate the claim and learn upon such investigation whether or not the materials actually went into the structure. It seems apparent that there would be more reason for this investigation where the claim was presented in a blanket form by one who asserted that he furnished all of the materials, without specification of kind, than in a case where one claimed only for a certain amount, because in the latter case the owner would very likely have a knowledge of what other materials were used and some opportunity to check one with another. However, conceding the futility of comparison the fact remains that the reasoning is as applicable in one case as in the other.

In addition to the cited case the following recent decisions of our supreme court may be noted: *Hammond Lumber Co.* v. *Barth Inv. Co.,* 202 Cal. 601 [262 Pac. 29]; *Hammond Lumber Co.* v. *Barth Inv. Co.,* 202 Cal. 606 [262 Pac. 31]; *Hammond Lumber Co.* v. *Pile,* 202 Cal. 624 [262 Pac. 715]. All of these cases, decided within the last six months, unmistakably affirm and apply the doctrine as follows: ■ The statute is a remedial statute, adopted in obedience to the requirements of the constitution, and is to be liberally construed in furtherance of the purposes for which it was authorized. The persons for whose benefit the statute was enacted are not presumed to be versed in matters of pleading, and the notices, which under its provisions they are

authorized to give, have regard to substance rather than form.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 7, 1928.

Waste, C. J., dissented.