BISHOP, Acting P. J.
 

 The plaintiff unsuccessfully sought to foreclose a mechanic’s lien for work done by it under a plumbing and heating subcontract, recovery being denied on the theory that the plaintiff had filed its claim of lien too late. We have concluded that the theory was ill founded; the judgment should be reversed.
 

 
 *867
 
 After repeated amendments, section 1187, of the Code of Civil Procedure, has become section 1193.1. Certain of its provisions are material to our problem. A subcontractor is authorized to file a claim of lien “after he has ceased to perform labor or furnish material, or both . . . and before the expiration of the periods of” 30 days after the owner files a notice of completion. “The owner shall within 10 days after the completion of the work of improvement file for record a notice of completion.” “In all eases . . . any of the following shall be deemed equivalent to a completion: (1) the occupation or use of a work of improvement by the owner . . . accompanied by cessation from labor thereon; (2) the acceptance by the owner ... of the work of improvement ... ; or (3) after the commencement of a work of improvement, a cessation of labor thereon for a continuous period of 60 days . . .”
 

 The provisions just quoted are to be read in the light of section 15 of article XX of our state Constitution, which declares that materialmen and artisans “shall have a lien upon the property upon which they have bestowed labor or furnished material . . . and the Legislature shall provide, by law, for the speedy and efficient enforcement of such liens.” So read, it seems rather obvious that the three conditions enumerated differ one from the other and each differs from “completion” but that the existence of any one of the conditions, or of completion itself, authorizes the owner to file a notice of completion. Certainly an owner could not limit the time within which liens could be filed by filing a notice of completion at an earlier stage in the making of an improvement than that specified by the section. Subdivision (f) of section 1193.1 contains the proviso: “that the recital of an erroneous date of completion shall not affect the validity of the notice if the true date of completion is within 10 days preceding the date of filing for record such notice.” It can hardly be doubted that a notice of completion recorded before the work is completed does have its validity affected. There is little, if any dispute about the facts in this case. The general contract involved was to build an addition to a store building owned by the person whose estate the defendants represent. The store owner set November 24 as the day of the gala opening of her enlarged building, and all concerned bent their efforts to enable her to reach her goal. A grill over an opening that plaintiff had contracted to provide
 
 *868
 
 was unavailable, so a temporary cover was installed. The heating duets leading from the old building to the new were not covered with insulating material, as required by plaintiff’s contract, nor were the air filters installed, but these ducts were out of sight in the attic, and the opening was not delayed because of the deficiencies referred to. Heat was needed, and it was supplied through plaintiff’s system. Following the gala opening, a few days were spent by the general contractor in getting minor details ironed out, then, on December 2, the owner filed a notice of completion, in which the date of completion was given as November 28, which was the date the building inspector of the city gave for “Job Completed.” The plaintiff completed the work required by its subcontract and on January 8 filed its claim of lien. This was too late, if the notice of completion started the time running for the filing of claims.
 

 Findings of fact were filed in this case. In them the trial court stated its conclusion “that said work of improvement . . . was completed on the 28th day of November, 1952 . . . and that any work done or materials furnished by plaintiff under said contract had been completed more than thirty days prior to the filing of plaintiff’s alleged claim of lien.” The latter portion of this finding is entirely lacking in evidentiary support, and the whole finding is in direct conflict with a written stipulation of facts filed in the case and referred to in the judgment. According to this stipulation, on November 28 and December 2, “certain of the ducts in connection with the heating and ventilating system had not been covered and insulated as required by the plans and specifications” and plaintiff’s crew put in 84 hours of work after December 2, 20 hours being put in on December 8. The work that was done, between November 28 and December 8, cannot be considered unsubstantial (see
 
 Hammond Lbr. Co.
 
 v.
 
 Barth Inv. Co.
 
 (1927), 202 Cal. 601, 605 [262 P. 29, 30];
 
 Hammond Lbr. Co.
 
 v.
 
 Barth Inv. Co.
 
 (1927), 202 Cal. 606, 610 [262 P. 31, 33-34];
 
 Nevada County Lbr. Co.
 
 v.
 
 Janiss
 
 (1938), 25 Cal.App.2d 579, 583 [78 P.2d 200, 202]). We have, then, a finding contrary to a written stipulation as to the fact found. But a finding of fact may not be made contrary to a stipulation as to the fact
 
 (Capital Nat. Bank
 
 v.
 
 Smith
 
 (1944), 62 Cal.App.2d 328, 343 [144 P.2d 665, 673], and eases cited). The finding made, therefore, fails to furnish support for the owner’s act in filing a notice of completion.
 

 
 *869
 
 If it be argued, as the defendants do, that the owner was authorized to file her notice of completion because she had accepted the work of improvement, two things are to be noted. First, there is no finding that there had been an acceptance. This, as we have seen, is a condition given the effect in law of completion, but differing in fact from it. Moreover, the evidence would not have supported a finding that the owner “accepted the work of improvement” as those words must be understood in the light of what was said in the two passages we are about to quote, and as required, if section 1193.1 is not to defeat, but to provide “for the speedy and efficient enforcement” of the lien given by section 15, article XX of the Constitution.
 

 In
 
 Hammond Lbr. Co.
 
 v.
 
 Barth Inv. Corp., supra,
 
 202 Cal. 606, 611-612 [262 P. 31], the question under consideration was, When did the time for filing claims begin to run? Section 1187, Code of Civil Procedure, as it then read, authorized a subcontractor to file a claim of lien at any time after he had ceased to perform “and until thirty days after the completion of such work of improvement.” It was also provided that “the acceptance by the owner, or said agent, of said building, improvement or structure” “shall be deemed equivalent to a completion for all the purposes of this chapter.” The trial court had found that the owners on June 8 had “notified said contractors that they accepted said building.” The Supreme Court there observed: “No finding is made that this acceptance was in anywise communicated to the materialman, or that it had any knowledge of said acceptance, or that the building was accepted as
 
 completed.
 
 Of course a secret acceptance by the owner from the contractor of an uncompleted building could not defeat the lien claimant. If in cases where no notice of completion is filed work should be suspended for a time and later be resumed in execution of the original contract, as in the instant case, the materialman would be entitled to ninety days after the work was finally finished in which to file his lien. But the question of ‘acceptance’ of the building cannot be regarded as a finding that the building was actually completed on June 8th for the reason that the contractors, as shown by the findings, did in fact
 
 thereafter
 
 complete said building by performing the work and furnishing the materials necessary ‘to correct and complete the work in accord with the plans and specifications.’
 
 *870
 
 Therefore, from the findings themselves, the building could not have been accepted as
 
 completed
 
 on June 8th.”
 

 A similar thought is expressed in
 
 Orlandi
 
 v.
 
 Gray
 
 (1899), 125 Cal. 372, 373-374 [58 P. 15], where the owner had moved into the building in October, but the trial court had determined that the work was completed in the following January: “It is now claimed by this appellant that the completion of the building dates from that time by reason of her occupation. This contention is based upon the following provisions of section 1187 of the Code of Civil Procedure: ‘And in cases of contracts the occupation or use of a building, improvement, or structure by the owner or his representative, or the acceptance by such owner or his agent of said building, improvement or structure, shall be deemed conclusive evidence of completion.’
 

 “The owner now contends that under this provision of the code, she and her tenants having taken actual possession of the building, there resulted a ‘statutory completion’ at that time, and the time for filing liens began to run at once. Under the peculiar facts of this case, such a construction of the statute would result in an absurdity, for here one of these lien claimants substantially did all his work after this occupation by the owner took place, and, therefore, by such a construction his time to file a lien began to run before he had performed any labor upon the building. The framers of the statute never intended any such results to follow; neither did they intend that such a subcontractor should be cut off absolutely from the right to file a lien upon the building. ’ ’
 

 We have concluded, therefore, that under the facts as they appear, the owner was not authorized to file a notice of completion, as she did, on December 2. No other notice of completion was ever filed, and the plaintiff had “90 days after the completion of such work of improvement within which to file [his] claims of lien.” (Code Civ. Proc., § 1193.1, subd. (c).) As the work of improvement was actually completed December 8, plaintiff’s claim of lien, filed January 8, was not filed too late.
 

 The judgment is reversed.
 

 Patrosso, J., and Swain, J., concurred.