[Civ. No. 5292. Fourth Dist. Nov. 30, 1956.]

APPLE VALLEY BUILDING AND DEVELOPMENT COMPANY (a Corporation), Appellant, v. GORDON L. SNIDER, Respondent.

Ball, Hunt & Hart for Appellant.

William E. Burby and C. A. Broderick for Respondent.

MUSSELL, J.—This is an action to enforce a restrictive covenant in a deed by injunction and for damages. In 1948 plaintiff subdivided real property in Apple Valley in San Bernardino County. Prior to the sale of lots therein, plaintiff recorded restrictive covenants affecting said property. Thereafter defendant purchased three lots from the plaintiff and upon payment of the purchase price, plaintiff executed and

recorded deeds therefor to the defendant. The restrictive covenant involved herein provides as follows:

"No billboard of any character shall be erected, posted, pasted, painted or displayed upon or about any of said property. This restriction shall not prohibit grantor or their agents from maintaining signs of any size for lot sale purposes. No sign shall be displayed upon or about said property except residence signs giving the name of the occupant and the street number in accordance with a uniform design approved by the Architectural Committee."

Defendant improved the lots so purchased, erected residential units thereon, and placed "for sale" signs of usual size and design in the windows of his houses. He also placed flags on the lots to attract attention of prospective purchasers. Plaintiff then commenced this action to enjoin the maintenance of the signs and flags and for damages.

The trial court concluded that "said restrictive covenant is unreasonable and unenforceable" and entered judgment denying the relief sought. Plaintiff appeals from the judgment.

On June 25, 1956, after plaintiff perfected its appeal herein and defendant had sold the lots involved, the defendant filed a motion in this court to dismiss the appeal on the ground that the issues in the case have become wholly moot.

Plaintiff conceded at the argument in this court that at that time there was no violation of the restrictions and that the signs had been removed from the property. However, it was argued that although the land had been sold and the signs may have been removed since the appeal was filed, plaintiff is entitled to at least an award of nominal damages if the covenant is enforceable and that a dismissal of the appeal will operate to affirm the judgment which held that the restrictive covenant was unenforceable. This motion has been submitted for our consideration in connection with the other points raised on this appeal.

The trial court found, among other things, that at the time defendant acquired title to the lots involved the said restriction was of record; that the sales contracts and deeds executed by plaintiff and defendant provided that defendant would abide by said restrictions and that a breach of said covenant would cause the real property to revert to the grantor or its successors in interest; that a breach of said covenant might be enjoined or remedied by the owners of the reversionary interest in the property; that defendant, since

September 1, 1953, has continuously displayed a ''for sale'' sign upon each lot and has displayed flags on said lots designed to call the attention of the public to the ''for sale'' signs; that the display of said signs and flags interferes with the comfortable enjoyment of all other property in each of said tracts owned by plaintiff and injuriously affects the value of each and every lot in said tracts; that plaintiff has not suffered any measurable monetary damage by reason of the display of said signs as aforesaid; that the acts of defendant are likely to cause a general breakdown of the covenants, restrictions and rights of way of record imposed for the orderly community development of said tracts; that it is not true that ''Since the alleged covenant expressly authorizes the plaintiff 'grantor or their agents' to maintain such a sign 'for lot sale purposes,' there is a lack of mutuality with respect to both the obligation and the remedy and, for that reason the aforesaid covenant cannot be enforced in equity as against the defendant, the alleged promisee. For the same reason, defendant cannot be held liable in damages for breach of the aforesaid covenant''; that it is not true that ''the covenant which plaintiff alleges to be binding upon the defendant is a covenant in restraint upon alienation and is contrary to public policy''; that it is not true that ''Because of plaintiff's default in enforcing the alleged restrictions and because of changed conditions the alleged restrictions cannot be enforced against defendant.'' As conclusions of law from the foregoing facts, the court concluded: ''1. That said restrictive covenant is unreasonable and unenforceable.'' ''2. That defendant is entitled to judgment against plaintiff on the complaint and plaintiff is entitled to judgment against defendant on the counterclaim of defendant.''

In *Falk* v. *Falk*, 48 Cal.App.2d 762, 769 [120 P.2d 714], the court said:

''It has been repeatedly held that an erroneous conclusion of the court which is drawn from and based upon facts previously found to be true cannot stand if the specific facts upon which the conclusion is based do not support it. (*McKay* v. *Gesford,* 163 Cal. 243, 246 [124 P. 1016, Ann.Cas. 1913E 1253, 41 L.R.A.N.S. 303]; *Corea* v. *Higuera,* 153 Cal. 451, 455 [95 P. 882, 17 L.R.A.N.S. 1018]; *Estate of Hill, supra,* at p. 63 [167 Cal. 59 (138 P. 690)]; *Lee* v. *Hibernia Sav. & Loan Soc.,* 177 Cal. 656, 659 [171 P. 677]; *Steele* v. *Scott,* 192 Cal. 521, 525 [221 P. 342].) The preceding principle of law which is uniformly declared in the foregoing

476

cases and in many others, is concisely stated in *McKay* v. *Gesford, supra,* as follows:

" 'It is, of course, well settled that a general and ultimate finding . . . which is drawn as a conclusion from facts previously found, *cannot stand if the specific facts upon which it is based do not support it.*' (Italics added.)"

In the instant case specific facts upon which to base the conclusion that "said restrictive covenant is unreasonable and unenforceable" are not found, and it was specifically found that a breach of said covenant might be enjoined or remedied by the owners of the reversionary interest; that the display of said signs and flags interfered with the comfortable enjoyment of all other property in said tracts; that the acts of defendant are likely to cause a general breakdown of the said covenant and restrictions; and that the covenant is not in restraint upon alienation. These are findings which do not support the conclusions drawn and for that reason we conclude that the judgment must be reversed. In view of this conclusion, it is unnecessary to here decide whether the issues in the case have become moot.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.