**In the Matter of Walter Allen LIGHT-NER, Bankrupt.**

**No. 10849.**

United States District Court
S. D. California, N. D.

June 24, 1960.

Robert Coyle, Hansen, McCormick, Barstow & Sheppard, Fresno, Cal., for City of Fresno.

Donald Thuesen, Lerrigo, Thuesen, Thompson & Thompson, Fresno, Cal., for receiver.

YANKWICH, District Judge.

This is a petition to review, 11 U.S.C.A. § 67, sub. c, an order of the Referee determining that the City of Fresno did not have a mechanics' lien upon certain property of the bankrupt by reason of the notice of mechanics' lien filed by it on August 11, 1959.

The facts relating to the transaction are clearly and with brevity stated by the Referee in the signed summary of evidence which accompanies the certificate. They are reproduced here:

"On November 3, 1959 the above matter came on for hearing with said attorneys present and it was stipulated that the order to show cause versus U.S. Fidelity & Guaranty Company and the City of Fresno be consolidated and heard as one matter, and that the amount due to the City of Fresno was $8,749.80, and that the U.S. Fidelity & Guaranty Company could not have a lien, and that the City of Fresno did not have any lien on lots 1 to 11 inclusive, and that any lien which the City did have might be divided upon a lot to lot basis.

"The bankrupt was called and questioned by Mr. Coyle, whereupon he testified as follows: That he had requested the City of Fresno to install sewers and laterals and that this had been done; that some of the houses in the tract had been connected thereto; that the City had accepted that work on Lots 11 to 50 inclusive and that the sewers and the stubs were in for lots 1 to 10 before he bought the tract.

"John Gulley was called as a witness and he testified that he was the field engineer for the City of Fresno and had charge of the approval of the work in this subdivision, and that he approved the same on June 1, 1959, and filed approval slip with the engineer's office for processing; that he made an inspection and found the work satisfactory and filled out and filed a form signifying his acceptance as of June 1, 1959, and that Exhibit D is called an acceptance slip.

"Donald Baird was called as a witness and he testified that he was a city engineer and that the approval slip was placed in the file and that he wrote a letter to the contractor asking him to verify the said approval; that he prepared a final estimate of quantities of materials and services furnished and sent it to the city council for acceptance; that the said work was done by an independent contractor and not by employees or servants of the City of Fresno and that final payment to the contractor was held until the city council had accepted the final estimate."

■ The findings of a Referee must be accepted by the Court "unless clearly erroneous". Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A., General Bankruptcy Order 47, 11 U.S.C.A. following section 53.

■ Under the interpretation which the Courts of Appeals have placed upon these provisions, it is the duty of the District Judge to accept the Referee's findings "except in plain cases". In re Skrentny, 7 Cir., 1952, 199 F.2d 488, 492; In re Garden City Brewery, Inc., 2 Cir., 1953, 208 F.2d 377, 379.

However this rule does not apply if there is absent substantial evidence to support a finding of the Referee or the Referee has drawn an erroneous legal conclusion from established facts. See In re Sandow, 2 Cir., 1945, 151 F.2d 807, 808; In re Leichter, 3 Cir., 1952, 197 F.2d 955, 957.

■ The undisputed fact here is that the city paid out $8,749.80 for work, in causing to be constructed lateral sewers under plans provided by the city, *after request had been made by the bankrupt*, the owner of the property. In the circumstances there is no reason why the city, as a contractor, should not have the benefit of the lien provisions of §§ 1181 and 1184.1 and related sections of the Code of Civil Procedure. Concededly, if the mechanics' lien is valid under state

law, bankruptcy does not affect it, as the trustee takes the property subject to the lien. See, 6 Am.Jur., (Rev.) Bankruptcy, § 978; 36 Am.Jur., Mechanics Liens, § 216; In re Weston et al., 2 Cir., 1934, 68 F.2d 913, 915–916; Green v. H. E. Butt Foundation, 5 Cir., 1954, 217 F.2d 553, 554. So we consider, in greater detail, the California law on the subject. Ever since the enactment of the mechanics' lien of California, under the constitutional mandate, Cal.Const. art. XX, § 15, the courts of California have interpreted its provisions liberally. This for the reason that the object of the lien law is to protect contractors, mechanics, laborers, and others, who render services or furnish materials, in one manner or another, by allowing them a lien against the owner of the property upon *which a benefit was bestowed by the work.* See 32 Cal. Jur.2d, Mechanics' Liens, §§ 14 to 19, pp. 612–620; Myers v. Alta Construction Company, 1951, 37 Cal.2d 739, 741–743. This approach has been traditional and has been applied, with utmost consistency, when the courts were called upon to define the categories, such as contractors, materialmen, and the like, embraced within lien statutes. See Macomber v. Bigelow, 1899, 126 Cal. 9, 13–15, 58 P. 312; Los Angeles Pressed Brick Company v. Higgins, 1908, 8 Cal.App. 514, 518–521, 97 P. 414, 420; Barrett-Hicks Co. v. Glas, 1910, 14 Cal.App. 289, 298–303, 111 P. 760; Sweet v. Fresno Hotel Company, 1917, 174 Cal. 789, 795–797, 164 P. 788; Stone v. Serimian, 1926, 198 Cal. 520, 523–524, 246 P. 45; Gallagher v. Campodonico, 1931, 121 Cal.App.Supp. 765, 770–778, 5 P.2d 486; Hendrickson v. Bertelson, 1934, 1 Cal.2d 430, 432–433, 35 P.2d 318; Patten-Blinn Lumber Company v. Francis, 1958, 166 Cal.App.2d 196, 333 P.2d 255; Korherr v. Bumb, 9 Cir., 1958, 262 F.2d 157, 160–162. See Hammond Lumber Company v. Barth Investment Company, 1927, 202 Cal. 601, 605, 262 P. 29.

As said in the last of the cases just cited:

"* * * liens of mechanics and materialmen are protected by section 15, article 20, of the state Constitution. The right to assert such a lien is remedial in its character and should be liberally construed in its entirety, with a view to effect its objects and to promote justice. * * * The function of the Legislature is to provide a system through which the right of mechanics and materialmen may be carried into effect, and this right cannot be destroyed or defeated either by the legislature or courts, unless grave reasons be shown therefor." [Hammond Lumber Company v. Barth Investment Company, 1927, 202 Cal. 606, 610, 262 P. 31, 33.]

■■ In the light of this approach of California courts, which the federal courts sitting in California must respect and follow, we see no reason why a city which has sole control over its street and sewage systems, having specified certain work to be done by an owner of property, cannot, at the request of the owner, order it to be done by others according to its specifications, and have the right to a lien, as a contractor, if, after the work is done and the owner does not pay for it, it complies with the provisions of the law. California Code of Civil Procedure, §§ 1181, 1184.1, 1186.1(a) and 1193.1(a).

While cities may maintain their own street and sewer crews, it would discourage free enterprise, if we were to compel a city to do street and sewage work by day labor and not contract it to others, under the penalty of paying out money which it cannot recover either through assessment or lien. Authorities are in agreement that, unless forbidden by statute, municipal corporations have the right to file liens for street improvement work done by them or under their direction. See 63 C.J.S., Municipal Corporations, §§ 1074–1077.

■ It is not contended that the notice of lien did not comply with the statutory requirements. The sole basis for decision seems to have been the assumption that because the work was not done by the city but by a third party, the city

was not entitled to a lien. In this, the decision disregards the philosophy behind the mechanics' lien law. For it is elementary that a contractor, in order to be entitled to the lien need not do the work himself, but may do it through a subcontractor. Macomber v. Bigelow, supra, 126 Cal. at page 14, 58 P. at page 314; Barrett-Hicks Co. v. Glas, supra, 14 Cal.App. at pages 302–303, 111 P. at pages 765, 766; Sweet v. Fresno Hotel Company, supra, 174 Cal. at pages 796–797, 164 P. at page 791; E. Aigeltinger, Inc. v. Burke, 1917, 176 Cal. 621, 627–628, 169 P. 373.

Apposite here is the language of Judge Walter Perry Johnson in Gallagher v. Campodonico, 121 Cal.App.Supp. 765, 770, 5 P.2d 486, 492:

> "*Assuredly it is not contemplated in that section that the contractor must personally perform the labor or personally manufacture the materials. He has his lien because of the benefits bestowed by the labor and materials supplied at his expense.*" (Emphasis added.)

And the city should not be penalized for choosing to act in this manner rather than have the work done by its own work crews and subject the lots to assessment. See Williams, Belser & Co. v. Rowell, 1904, 145 Cal. 259, 261–262, 78 P. 725.[1]

We could well apply to the facts in this case the words of the Court of Appeals in Barrett-Hicks Co. v. Glas, supra, 14 Cal.App. at pages 302–303, 111 P. at page 766:

> "It may be suggested that it would, indeed, be a singular principle that would sustain a provision of law to the effect that a subcontractor, who has agreed with the contractor to furnish certain materials for the structure and to put the same in place, would not (himself perhaps without the skill to do the work in person) *be entitled to a lien for the labor so performed because he had not himself personally performed it.*" (Emphasis added.)

Hence the following conclusion: The order of the Referee dated December 21, 1959 determining that the City of Fresno did not have a lien in the sum of $8,749.80 with respect to the construction of a sewer for the benefit of the property of the bankrupt, heretofore heard, argued and submitted, is now decided as follows:

The said order of the Referee dated December 21, 1959 is hereby reversed, and the Referee is directed to enter an order declaring the city's lien to be valid, subject to administration in the bankruptcy proceedings. Formal order to follow, to be prepared by counsel for the City of Fresno.

---

1. I find nothing in Evola v. Wendt Construction Company, 1959, 170 Cal.App.2d 21, 338 P.2d 498, upon which the Referee relied, that compels a different conclusion. In that case the Court had before it the question whether a bond, given to a county by a subdivider, under the California Subdivision Map Act, Cal.Bus. & Prof.Code, § 11500 et seq., inured to the benefit of a contractor for constructing, at the subdivider's instance, the paving, curb, gutters and tract drainage of the proposed subdivision. It held that it did not, because the only bond that could be required by the county under the statute was a *faithful performance bond*. There is nothing in the language of the opinion that warrants the inference that a city which, after plans and specifications have been adopted by it, *causes sewer connections and street work to be done at the request of the owner of a subdivision*, as was done here, cannot file a mechanics' lien as could any individual contractor who ordered the same work done under similar circumstances.

More, if any such language had been used, it would have to be disregarded as uncalled for by the problem before the court. See the classic statement of Mr. Chief Justice Marshall on general expressions in opinions not called for by the facts in the particular case in Cohens v. Virginia, 1821, 6 Wheat. 264, 399–400, 5 L.Ed. 257.